Argued and submitted October 15, 1986, reversed and remanded October 7, 1987

# STATE OF OREGON
*Respondent,*

*v.*

# WILLIAM MICHAEL PIGG,
*Appellant.*

(10-85-04102; CA A38840)

743 P2d 770

Michael V. Phillips, Eugene, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for sexual abuse in the first degree. ORS 163.425. He contends that the court erred in permitting the state to introduce, in its case in chief, evidence of defendant's pre-arrest silence for the purpose of demonstrating his consciousness of guilt. We reverse.

Defendant was accused of sexually molesting the nine-year old daughter of his former domestic associate. The investigating officer contacted defendant on March 14, 1985, and informed him that he had been accused of sexually molesting and having sexual intercourse with the victim.[1] He immediately denied the accusations. Defendant told the officer that he was busy with college final exams and that he would call the officer in four or five days to discuss the matter further. On the advice of counsel, defendant never contacted him.

In its case-in-chief, the state offered evidence of defendant's agreement to contact the police and, over defendant's objection, offered evidence that he never did so. Both parties agree that the purpose for which the evidence was offered was to allow the jury to infer that defendant had something to hide. Defendant's objection was based on two grounds: Admission of the evidence violated his right to silence under Article I, section 12, of the Oregon Constitution, and the evidence's probative value was outweighed by the danger that it would unfairly prejudice the jury, in violation of OEC 403.

OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

The legislative commentary to OEC 403 defines "unfair prejudice" as "an undue tendency to suggest decisions on an improper basis, commonly although not always an emotional one." We have used three factors in determining whether the prejudicial impact of evidence outweighs its probative value:

---

[1] Defendant was acquitted of rape in the first degree. ORS 163.375.

(1) the need for the evidence; (2) its persuasiveness; and (3) its inflammatory effect on the jury. *State v. Hickam,* 71 Or App 471, 479, 692 P2d 672 (1984).

The need for the evidence here was slight. The case was based largely on the credibility of defendant and the victim, both of whom took the stand and were subject to cross-examination. The evidence was of little probative value. It was offered by the state to demonstrate defendant's acquiescence in the truth of the officer's accusation. However, whether it was probative of defendant's guilt is highly questionable. There were many possible explanations for defendant's failure to call the officer, including, as defendant testified was the case, that he had been acting on the advice of counsel.

The legislative commentary to OEC 801(4)(b)(B), relating to admissions by adoption or acquiescence,[2] notes that such an admission raises troublesome questions in criminal cases, because the inference involved is fairly weak to begin with, silence being motivated by any number of possible reasons; an unusual opportunity is afforded to manufacture evidence; and encroachment on the right against self-incrimination is likely.[3] The circumstances surrounding defendant's alleged admission by silence make use of the inference even more tenuous in this case. As the legislative commentary points out, the inference is based on an evaluation of probable human behavior, that is, that an innocent

---

[2] OEC 801(4)(b) provides:

"A statement is not hearsay if:

"* * * * *

"The statement is offered against a party and is:

"(A) That party's own statement, in either an individual or a representative capacity;

"(B) A statement of which the party has manifested the party's adoption or belief in its truth;

"(C) A statement by a person authorized by the party to make a statement concerning the subject;

"(D) A statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship; or

"(E) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

[3] Kirkpatrick states that "adoption by silence should rarely be found in a criminal case where the defendant has failed to respond to an accusation made by a law enforcement officer." Kirkpatrick, *Oregon Evidence* 342 (1982).

person would immediately deny an accusation of wrongdoing. Commentary to OEC 801(4)(b). In this case, that is exactly what defendant did; he denied the accusation and, despite the fact that he had no duty to do so, he agreed to contact the police at a later time. In contrast, in the cases of acquiescence by silence on which the state relies, the admission was inferred from the defendant's *immediate* silence in the face of an accusation.

Here, the probative value of the evidence is substantially outweighed by the risk that the jury relied unduly on it to speculate that defendant's failure to contact the police was due to his guilt. Because we conclude that the evidence should have been excluded on the basis of OEC 403, it is unnecessary to reach defendant's constitutional claim.

Reversed and remanded.