Submitted May 30, reversed and remanded August 15, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ELOISA CONNIE COLON,**
*Defendant-Appellant.*

Marion County Circuit Court
09C51832; A145769

284 P3d 589

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

After a trial to the court, defendant was convicted of one count of fourth-degree assault. ORS 163.160. She appeals the resultant judgment, raising three assignments of error. We reject defendant's first assignment of error without discussion but, because we agree with defendant that the trial court erred in refusing to permit the complainant's cousin, Torres, to testify regarding his opinion of the complainant's truthfulness, we reverse and remand.

This case arises from an interaction between defendant and her 17-year-old daughter, the complainant, which culminated in the complainant being struck in the face with a large cooking spoon. Defendant was charged with fourth-degree assault and waived jury trial. Her case was tried to the court. At trial, defendant testified that the spoon had slipped from her hand accidentally as she was gesturing at the complainant. The complainant, on the other hand, testified that defendant had intentionally thrown the spoon at her.

During her case-in-chief, defendant called Torres, the complainant's second cousin. He was in the house on the evening of the incident in question. Torres testified that he had known the complainant all his life, that the two of them "used to hang out a lot," and that he frequently was present in the house where defendant and the complainant lived. Based on Torres's knowledge of the complainant, defense counsel attempted to elicit testimony regarding his opinion of the complainant's truthfulness:

"[DEFENSE ATTORNEY]: Do you remember her saying that she hated [defendant]?

"[TORRES]: Yeah. Yeah. I can remember her plenty of times saying that.

"[STATE'S ATTORNEY]: I'm going to object and move to strike, Your Honor, nonresponsive.

"[TORRES]: [The complainant is] a drama queen. That's what she does.

"[STATE'S ATTORNEY]: Again, I'm going to move to strike that as well.

"THE COURT:   Grant the motion.

"[DEFENSE ATTORNEY]:   In your opinion, is [the complainant] prone to over-exaggeration?

"[STATE'S ATTORNEY]:   I'm going to object, Your Honor.

"THE COURT:   Sustained.

"[STATE'S ATTORNEY]:   Improper.

"[DEFENSE ATTORNEY]:   Your Honor, this goes to the truthfulness of [the complainant].

"THE COURT:   I think it's improper character evidence. I'll sustain the objection.

"[DEFENSE ATTORNEY]:   In your opinion, do you consider [the complainant] to be truthful?

"[STATE'S ATTORNEY]:   Again, I'm going to ask that he lay the proper foundation and admonish the witness that the only thing he can answer is yes or no.

"THE COURT:   Okay. I'll sustain the objection. You need to lay a foundation for character.

"[DEFENSE ATTORNEY]:   One moment, Your Honor.

"THE COURT:   Um-hum (affirmative).

"[DEFENSE ATTORNEY]:   I apologize, Your Honor, but I thought I had laid that when I established Mr. Torres' knowledge of [the complainant] being—knowing each other for their whole life and the amount of time that they spend together.

"THE COURT: Well, I think you've established familiarity with her, but to lay a foundation, there's very specific questions that have to be asked regarding character, and I haven't heard them yet."

Defense counsel made no further argument.

Ultimately, the court found defendant guilty and stated in a letter opinion that its decision came down to a credibility determination. The court believed the complainant's testimony that defendant threw the spoon at her and did not believe defendant's testimony that the "spoon accidentally 'flew' out of her hand while she was

gesturing." Accordingly, the court entered a judgment convicting defendant of fourth-degree assault.

Defendant asserts on appeal that "the trial court erred first when it held that Torres' opinion about [the complainant's] tendency to over-exaggerate was improper character evidence, and second when it held that although defendant established Torres' familiarity with [the complainant], defendant did not establish the requisite foundation for the evidence." The state, for its part, asserts only that defendant failed to preserve her claims of error and, therefore, this court should not consider them. Specifically, the state asserts that, even if Torres should have been permitted to answer defendant's question "about whether the [complainant] was prone to exaggeration," defendant "is not entitled to relief because she made no offer of proof on what Torres' answer to the question would have been." In addition, the state argues that, although defendant told the court that she thought she had established the proper foundation for the opinion evidence, she did not preserve her contention because she "said nothing when the trial court ruled that Torres' familiarity with the victim was insufficient foundation for his opinion."

To preserve error when a trial court excludes testimony, a defendant must make an offer of proof unless the substance of the evidence to be offered is apparent from the context. OEC 103(1)(b) ("Error may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of a party is affected" and "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."); *State v. Bowen*, 340 Or 487, 500, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007) ("To assure that appellate courts are able to determine whether a trial court erred in excluding evidence and whether that error was likely to have affected the trial's result, an offer of proof ordinarily is required to preserve error when a trial court excludes testimony."); *id.* at 501 (considering whether the "relevance of the desired testimony was apparent from the context"); *State v. Smith*, 319 Or 37, 43, 872 P2d 966 (1994) ("[E]rror may not be predicated on a ruling excluding evidence unless the substance of the evidence was made known to the court

by offer of proof or was apparent from the context within which the question was asked."); *Schacher v. Dunne,* 109 Or App 607, 610 n 1, 820 P2d 865 (1991), *rev den,* 313 Or 74 (1992) (error in excluding evidence is preserved if the substance of the evidence was apparent from the context); *see also State v. Wirfs,* 250 Or App 269, 274, 281 P3d 616 (2012) (rejecting the contention that the defendant was required to make an offer of proof to preserve a claim that the trial court erred in excluding evidence "because the trial court and the prosecutor were aware of the substance of the testimony that defendant would elicit").

Here, although the state is correct that defendant failed to make an offer of proof, because the substance of Torres's testimony regarding the complainant's tendency to "over-exaggerate" was apparent from the context, we conclude that defendant's claim of error is sufficiently preserved for our review. As noted, the court sustained the state's objection to defendant's query regarding whether, in Torres's opinion, the complainant was "prone to over-exaggeration." The relevant context was this: immediately before defendant solicited Torres's opinion on that point, Torres stated that the complainant had said "many times" that she hated defendant. He then spontaneously commented that the complainant was a "drama queen." The court struck those comments as nonresponsive to defense counsel's questions. Defense counsel responded to the court's ruling by asking Torres a question to elicit the information that had just been stricken—that is, whether the complainant tended to over-exaggerate. Given that Torres had, essentially, just given his answer to that question in the stricken comment, the substance of the excluded testimony is apparent from the context in which the question was asked: Torres considered the complainant to be a "drama queen" or, in other words, believed that she tended to exaggerate. In light of that context, we reject the state's contention that, because she did not make an offer of proof, defendant failed to preserve her claim of error.

Furthermore, we reject the state's assertion that "[d]efendant's argument about foundation is * * * not preserved." The requirement that, to be raised on appeal, an issue "ordinarily must first be presented to the trial court

is well-settled in our jurisprudence" and is "prudential in nature." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "The purpose of preservation is to ensure fairness to an opposing party, by giving the trial court the chance to consider and rule on a contention, and allowing the opposing party to respond." *Wirfs*, 250 Or App at 273.

Here, the purposes of preservation were clearly met. Defendant attempted to elicit from Torres his opinion on the complainant's truthfulness by asking first whether, in Torres's opinion, the claimant was prone to over-exaggeration and then whether, in his opinion, the complainant was truthful. The state objected to that line of questioning, asserting that defendant was required to "lay the proper foundation." The court agreed with the state's contention and sustained the objection. Defendant responded by informing the court that she believed she had laid the necessary foundation—that Torres and the complainant had known "each other for their whole life and the amount of time they spend together." The court rejected that position and informed defendant that, although she had established Torres's familiarity with the complainant, she had not asked the specific questions necessary to lay a foundation for Torres's opinion on the complainant's truthfulness. Under those circumstances, both the state and the court were aware of defendant's position and the trial court had a chance to consider the issue. Therefore, defendant's argument was properly preserved.

We turn to the substance of defendant's arguments, noting that the state offers no argument regarding (1) whether the trial court's exclusion of Torres's opinion on the complainant's truthfulness was correct on the merits or (2) whether any error likely affected the verdict. Defendant contends that the court erred when it concluded that evidence regarding the complainant's truthfulness was "improper character evidence" and that she had not laid a foundation for that evidence. She further asserts that the court's error was not harmless.

Our "standard of review under OEC 608(1) is for an abuse of discretion." *State v. Maxwell*, 172 Or App 142, 150, 18 P3d 438, *rev den*, 332 Or 559 (2001). "In that context, 'discretion' refers to the authority of the trial court to choose

among several legally correct outcomes." 172 Or App at 150-51 (quoting *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000)). Under the circumstances presented here, we agree with defendant that the trial court abused its discretion.

Pursuant to OEC 608,

"(1) The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but:

"(a) The evidence may refer only to character for truthfulness or untruthfulness; and

"(b) Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

*See also* OEC 404(2)(c) (addressing the admissibility of evidence regarding the character of a witness); OEC 405(1) (in cases where character evidence is admissible, proof may be made by reputation or opinion testimony). Thus, "[u]nder OEC 608(1), the credibility of a witness may be impeached or bolstered in the form of opinion or reputation testimony showing that the witness' character with respect to truthfulness is good or bad." *State v. Odoms*, 313 Or 76, 82, 829 P2d 690 (1992). "A person's character with respect to truthfulness means that person's propensity to tell the truth in all the varying situations of life." *State v. Marshall*, 312 Or 367, 372, 823 P2d 961 (1991). The evidence at issue here—Torres's views on the complainant's character for truthfulness—is, thus, proper character evidence pursuant to OEC 608(1).

"[U]nderlying the provisions of OEC 608(1) is the requirement that a foundation be laid before an opinion about a character trait is admissible." *Maxwell*, 172 Or App at 152. That foundation is laid by a

"'showing that the witness has either sufficient acquaintance with the reputation of the person in the relevant community or sufficient personal contacts with the individual to provide a basis for an opinion regarding that person's character. The contact must have been recent enough so that there will be a current basis for the testimony.'"

*Id.* (quoting Laird C. Kirkpatrick, *Oregon Evidence*, 166-67 (3d ed 1996)). Here, as noted, the court ruled that defendant had not established a sufficient foundation for admission of Torres's testimony regarding the complainant's character

for truthfulness because she had not asked him certain questions (not specified by the trial court). However, all that was required was a showing of adequate contacts between Torres and the complainant for Torres to form a current personal opinion of the complainant's character for truthfulness. *See id.* at 153. The trial court found that defendant had established Torres's familiarity with the complainant, and that was correct. Torres had known the complainant his whole life and testified that he had spent significant time with her, including seeing her after the incident at issue. Under the circumstances, defendant laid an adequate foundation for the admission of Torres's testimony. The trial court erred in concluding otherwise.

Furthermore, we cannot conclude under the circumstances presented here that there is "little likelihood that the [trial court's error in excluding the testimony at issue] affected the verdict." *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003). The court's decision in this case came down to a determination of credibility. The court accepted the complainant's testimony regarding the incident in question and rejected the testimony of defendant. It stated that it found the complainant's testimony believable and that her motive to lie was negligible. Under those circumstances, the court's exclusion of evidence regarding the complainant's character for untruthfulness was not harmless.

Reversed and remanded.