LAGESEN, J.
*489 Defendant appeals a judgment of conviction for one count of unlawful possession *1099 of methamphetamine, ORS 475.894.[1] In his first assignment of error, defendant challenges the trial court's admission of evidence-over defendant's OEC 403 objection-that defendant also possessed a syringe at the same time he possessed the methamphetamine. Defendant contends that the record fails to demonstrate that the trial court engaged in the inquiry required by State v. Mayfield , 302 Or. 631, 645, 733 P.2d 438 (1987), entitling him to a reversal of his conviction. In his second assignment of error, defendant contends that the trial court erroneously admitted certain chain-of-custody evidence. We reject defendant's second assignment of error without further written discussion and, for the reasons that follow, also reject the first. We therefore affirm.
The facts pertinent to the issue on appeal are not disputed. Defendant was arrested in connection with an unrelated matter. The arresting officer, Corporal Whiteman of the Medford Police Department, asked defendant whether he had anything illegal on him that he did not want to bring to jail. Defendant told the officer that he had found a cigarette pack with a baggie inside it in the parking lot, and that he did not know what was in the baggie. The officer then asked defendant for consent to search his person and also to remove the cigarette pack that defendant had mentioned; defendant agreed that Whiteman could do so. The baggie in the cigarette pack contained a white crystalline substance that Whiteman suspected was methamphetamine. Whiteman then asked if defendant had any syringes on him. Defendant denied having any syringes on him, but Whiteman found a syringe and another baggie containing cotton in defendant's shirt pocket. Subsequent laboratory tests revealed that the substance in the baggie was methamphetamine, as Whiteman had suspected. Thereafter, *490 defendant was charged with one count of "unlawfully and knowingly" possessing methamphetamine, in violation of ORS 475.894.
Before trial, defendant moved to exclude evidence that he had also possessed the syringe. Defendant asserted that the syringe "wasn't tested" and that defendant "could have a legitimate medical reason for having it," and that evidence of the syringe would be "more prejudicial * * * than probative." The trial court denied the motion, explaining that "it is more probative * * * than prejudicial." Later, at trial, defendant renewed his objection to the admission of evidence of the syringe when the state introduced a photograph of it as an exhibit. Defendant acknowledged the court's previous ruling, but stated that he was objecting for the record. Consistent with its previous ruling, the trial court overruled the objection. In closing, the state argued that the evidence that defendant possessed a syringe and cotton supported the inference that he knowingly possessed the methamphetamine found in the cigarette pack, pointing also to testimony from Whiteman explaining that syringes and cotton are used in conjunction with methamphetamine. The jury convicted defendant and defendant appealed.
On appeal, as noted, defendant assigns error to the trial court's admission of the evidence of the syringe over his OEC 403 objection. Defendant does not dispute that the evidence was relevant under OEC 401. As we understand his position, defendant also does not argue that it necessarily was an abuse of discretion for the trial court to conclude under OEC 403 that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Instead, defendant argues that the trial court committed a procedural error "by admitting evidence that defendant had a syringe in his pocket without properly applying OEC 403" in the manner dictated by Mayfield . Specifically, defendant contends that
"[n]othing in the record indicates that the court considered the matters prescribed by Mayfield before admitting the syringe evidence. The court stated that the evidence was more probative than prejudicial, but *1100 that conclusory statement does not show that the court actually 'analyze[d] *491 the quantum of probative value of the evidence' or 'determine[d] how prejudicial the evidence [was.]' "
Defendant further asserts that the "court's cursory gesture at the balancing process occurred before trial, when it would have been impossible to make a genuine evaluation of the evidence's probative value." Defendant argues that the state never told the trial court why it wanted to use the syringe, or presented evidence, before the trial court ruled or during trial, that the syringe could have been used to inject methamphetamine, which might have been probative of mens rea . That, in defendant's view, rendered the trial court's Mayfield analysis insufficient. In response, the state argues that defendant failed to preserve his contention that the trial court's analysis failed to comply with Mayfield because defendant never told the trial court explicitly that its analysis did not comport with Mayfield , or otherwise informed the trial court of his view that something more was required of it. Alternatively, the state argues that the trial court's analysis comports with Mayfield and that any error by the trial court was harmless.
The state's preservation argument fails under State v. Anderson , 282 Or.App. 24, 28 n. 3, 386 P.3d 154 (2016), rev. allowed , 361 Or. 486, 395 P.3d 869 (2017). There, we explained that a request that a court balance the probative value of evidence against the danger of unfair prejudice preserves for appeal a contention that the trial court erred under Mayfield either by failing to conduct the balancing required or by failing to make an adequate record of that balancing:
"[G]iven Mayfield 's clear directive that the 'judge errs if the judge * * * fails to make a record which reflects an exercise of discretion,' defendant's request for balancing advised the trial court of the need to both engage in balancing and make a record of that balancing and, thus, preserved the error."
Id . (internal citation omitted). Here, defendant likewise requested that the court engage in the balancing required by OEC 403.[2] That means that his Mayfield contentions *492 are preserved for purposes of appellate review. Id . ; State v. Garcia-Rocio , 286 Or. App. 136, 141-42, 399 P.3d 1009 (2017) (same).
Turning to the merits of defendant's arguments on appeal, the adequacy of a trial court's analysis under OEC 403, as implemented by Mayfield , is a question of law and we review the sufficiency of that analysis for legal error. State v. Shaw , 338 Or. 586, 615, 113 P.3d 898 (2005).
OEC 403 permits a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." Under Mayfield , a trial court errs when ruling on an OEC 403 challenge "if the judge fails to exercise discretion, refuses to exercise discretion or fails to make a record which reflects an exercise of discretion." 302 Or. at 645, 733 P.2d 438 (citing State v. Johns , 301 Or. 535, 725 P.2d 312 (1986) ). A trial court makes the record required by Mayfield if the record reflects that the court consciously employed the four-part method of analysis adopted by the Supreme Court in Mayfield : (1) "analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence"; (2) "determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime"; (3) balance steps one and two; and (4) make a ruling on admission. Mayfield , 302 Or. at 645, 733 P.2d 438. The Mayfield analysis "is a matter of substance, not form or litany." State v. Brown, 272 Or.App. 424, 433, 355 P.3d 216 (2015). Essentially, to comport with Mayfield , the court's record must do two things: (1) demonstrate that the court consciously conducted the required balancing; and (2) allow for meaningful review of that balancing.
*1101 [3] See Garcia-Rocio , 286 Or.App. at 147-50, 399 P.3d 1009 (Hadlock, *493 C. J., concurring) (explaining the function of the record required by Mayfield ). In assessing whether a trial court's ruling comports with Mayfield , we consider "the totality of the attendant circumstances." State v. Conrad , 280 Or.App. 325, 330-31, 381 P.3d 880 (2016).
Here, viewed in their totality, the attendant circumstances demonstrate that the trial court's decision comports with the requirements of Mayfield . First, the trial court stated on the record that the evidence is "more probative * * * than prejudicial." That sentence, although short, demonstrates that the trial court (1) considered the probative value of the evidence; (2) considered the potential prejudice of the evidence; (3) weighed those competing properties of the evidence; and (4) made a decision to admit the evidence. Thus, it is clear that the court consciously conducted the balancing required by Mayfield . Further, in the context of the record of this case, the court's statement allows for meaningful review. The probative value of the evidence of the syringe is obvious. The state was obligated to prove that defendant knowingly possessed the methamphetamine that he undisputedly had on his person, and the fact that defendant was carrying a syringe tends to make it more likely that defendant knew that the substance in the baggie was methamphetamine. Further, it is difficult to see anything unfairly prejudicial about the evidence of the syringe, standing alone. In fact, defendant did not articulate to the trial court a clear theory of how the evidence of the syringe might distract the jury from its core task, cause the jury to base its decision on improper grounds, or otherwise unfairly prejudice defendant.[4] Rather, defendant suggested it was unfairly prejudicial because it had not been "tested." Under those circumstances, the trial court's simple statement adequately reflects that it performed the balancing of probative value against risk of unfair prejudice required by Mayfield .
*494 Defendant nonetheless urges us to conclude otherwise. In so doing, he relies largely on the fact that the trial court made its decision before trial and, in defendant's view, before the trial court knew what the state's theory of the syringe's relevance was. Defendant reasons that the trial court could not meaningfully have conducted the analysis required by Mayfield without knowing the state's theory of relevance.
Although defendant is correct that the state did not articulate its theory of relevance on the record before the trial court made its ruling, we are not persuaded that that means that the court was without a basis to assess the probative value of the evidence. The record indicates that the parties and the court had had off-the-record discussions regarding the pretrial evidentiary issues, and that the court understood what the issues were from those off-the-record discussions. Although it would have been preferable for the court and the parties to create a better record of those off-the-record discussions, given the dictates of Mayfield , we are unable to conclude that the trial court necessarily made its ruling without understanding the state's theory of relevance. Second, even if the off-the-record discussions did not address the syringe evidence, as noted, the relevance of the syringe evidence is obvious in the context of this case and likely would have been readily apparent to the trial court even without much discussion. Finally, and perhaps most significantly, regardless of any *1102 potential deficiencies in the trial court's knowledge at the time that it ruled initially, the court adhered to that ruling at trial after defendant renewed his objection when the state introduced the photograph of the syringe. By that point in the trial, the state had made clear its theory of relevance in its opening statement, and it would have been clear to everyone in the courtroom that the state was introducing the evidence to prove that defendant knew that the baggie in his possession contained methamphetamine. In other words, regardless of any information deficits present at the time of the court's initial ruling, those deficits had been remedied by the time the court subsequently rejected defendant's renewed objection.
In sum, viewed in their totality, the attendant circumstances demonstrate that the trial court's admission *495 of the evidence of the syringe comported with the requirements of Mayfield.
Affirmed.

ORS 475.894(1) provides:
"It is unlawful for any person knowingly or intentionally to possess methamphetamine unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice, or except as otherwise authorized by ORS 475.005 to 475.285 and 475.752 to 475.980."

Although defendant did not cite OEC 403, the nature of his objection was readily apparent from defendant's argument that the evidence was "more prejudicial * * * than probative."

Our recent decisions in Anderson and Garcia-Rocio are examples of cases in which the record failed to demonstrate conscious balancing. Anderson , 282 Or.App. at 27-30, 386 P.3d 154 (trial court's statement that it was admitting evidence because " 'it's relevant' " did not demonstrate that court conducted any conscious balancing); Garcia-Rocio , 286 Or. App. at 142-46, 399 P.3d 1009 (record did not demonstrate that trial court conducted conscious balancing where court said nothing about probative value or prejudicial effect).

As the Supreme Court has explained:
"Under OEC 403, evidence introduced over a defendant's objection is not unfairly prejudicial simply because it is harmful to the defense. Instead, in deciding whether evidence is unfairly prejudicial under OEC 403, the critical inquiry is whether the evidence improperly 'appeals to the preferences of the trier of fact for reasons that are unrelated to the power of the evidence to establish a material fact.' "
Shaw , 338 Or. at 614, 113 P.3d 898.