LAGESEN, J.
*347 Defendant appeals a judgment of conviction for three counts of first-degree sodomy (Counts 1 to 3), ORS 163.405, and three counts of first-degree sexual abuse (Counts 4 to 6), ORS 163.427. A jury found that defendant committed those crimes by abusing his niece over a number of months around the time she turned 10. On appeal, he contends that (1) the trial court plainly erred when it did not acquit him on Counts 1, 4, 5, and 6; (2) the trial court erred when it admitted certain evidence over defendant's OEC 403 objection without creating the record required by State v. Mayfield , 302 Or. 631, 733 P.2d 438 (1987) ; (3) the trial court erred when it excluded testimony from two witnesses regarding defendant's inability to have an erection some 15 to 20 years before the events in question in this case; and (4) the trial court erred when it excluded testimony from the same two witnesses regarding their observations of defendant's behavior when defendant was experiencing low-blood-sugar episodes. With the exception of defendant's contention that the trial court erred by not creating the record required by Mayfield , we reject defendant's assignments of error without further written discussion. However, we agree with defendant that the trial court did not comport with the requirements of Mayfield when it overruled defendant's OEC 403 objection to certain evidence and, for that reason, reverse and remand for the trial court to engage in the on-the-record OEC 403 balancing required by Mayfield , and such other proceedings as may be required as a result of that balancing.
Defendant's assignments of error put at issue the adequacy of the trial court's OEC 403 balancing with respect to five items of evidence: (1) a photo of defendant's office showing it decorated with female action figures;[1] (2) an officer's testimony regarding a sexually explicit image of the Disney character Cinderella found on defendant's computer; (3) a photograph of that image of Cinderella; (4) a photograph of defendant's bedroom showing it decorated with additional female action figures; and (5) a binder *348 of sexually explicit images that an officer seized from defendant. It appears that the state sought to introduce the evidence to demonstrate how defendant used the images to facilitate the abuse, and also to corroborate details in the victim's version of events, including that defendant showed her sexually explicit images. In the trial court, defendant objected to the admission of each item of evidence under OEC 403, arguing that the evidence was more prejudicial than probative.
The trial court overruled defendant's objections. Regarding the images included in the binder and the Cinderella image, the court ruled that it was admitting the evidence "on the same basis" that it admitted *92 evidence of the victim's statements about the images, to which defendant also had objected.[2] Regarding the officer's testimony about the Cinderella image, the court allowed the testimony on the ground that it had already ruled that the image was admissible. Regarding the photograph of defendant's bedroom and office, the trial court admitted the evidence without comment.
On appeal, defendant argues that the trial court erred in overruling his OEC 403 objections without creating the record required under Mayfield , that is, that the court "fail[ed] to make a record which reflects an exercise of discretion." Mayfield , 302 Or. at 645, 733 P.2d 438. In response, the state argues that defendant failed to preserve his argument that the trial court's record does not comport with Mayfield because he did not make that specific point to the trial court and, alternatively, that the trial court's record meets the requirements of Mayfield.
The state's preservation argument fails as a matter of law. As we recently explained, under State v. Anderson , 282 Or. App. 24, 386 P.3d 154 (2016), rev allowed , 361 Or. 486, 395 P.3d 869 (2017), by requesting that a trial court engage in the balancing required by OEC 403, a defendant "preserves for appeal a contention that the trial court erred under Mayfield either by failing to conduct the balancing required or by failing to *349 make an adequate record of that balancing." State v. Ydrogo , 289 Or. App. 488, 491, 410 P.3d 1097 (2017). Therefore, by objecting to the admission under OEC 403, defendant's Mayfield contentions are preserved for purposes of appellate review.
Turning to the merits, the adequacy of a trial court's analysis under OEC 403, as implemented by Mayfield , is a question of law and we review the sufficiency of that analysis for errors of law. State v. Shaw , 338 Or. 586, 615, 113 P.3d 898 (2005).
A trial court makes the record required by Mayfield if the record reflects that the court employed the four-part method of analysis adopted by the Supreme Court in Mayfield : (1) "analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence"; (2) "determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime"; (3) balance steps one and two; and (4) make a ruling on admission. 302 Or. at 645, 733 P.2d 438. "Essentially, to comport with Mayfield , the court's record must do two things: (1) demonstrate that the court consciously conducted the required balancing; and (2) allow for meaningful review of that balancing." Ydrogo , 289 Or. App. at 492, 410 P.3d 1097 (emphasis in original). We evaluate whether a trial court's ruling comports with Mayfield by considering the totality of the attendant circumstances. State v. Conrad , 280 Or. App. 325, 330-31, 381 P.3d 880 (2016).
Under that standard, we conclude that the trial court's rulings do not comport with Mayfield . As to whether the court "consciously" conducted the required balancing, nothing in the record indicates that it did. The court either admitted the evidence without comment or admitted it because it had previously admitted other similar evidence. If anything, the court's statement that it was admitting certain evidence because it had previously admitted similar evidence in a different form affirmatively indicates that the court did not consciously conduct the required balancing with respect to the particular evidence at issue but, instead, merely relied on its prior rulings without considering the distinct nature of the evidence at issue.
*350 In addition, the record of the court's analysis does not allow for meaningful review. This is not a case in which the outcome of a considered OEC 403 balancing process is by any means obvious. Although the evidence appears to be relevant, it also appears to be cumulative of other evidence, and, at least with respect to the images, the potential for unfair prejudice is readily apparent from their graphic nature.
*93 The trial court therefore erred when it failed to create a more developed record of its analysis of the Mayfield considerations with respect to the identified items of evidence. The remaining question is whether those errors were harmless, that is, if there is "little likelihood that the particular error[s] affected the verdict?" State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003). As to the admission of the evidence of the photographs of defendant's bedroom and office, we conclude that the trial court's errors were harmless. Based on our review of the record, we think that there is little likelihood that those photographs affected the jury's verdict.
We reach a different conclusion regarding the sexually explicit images and the officer's testimony about the Cinderella image. Given the graphic nature of the images and the testimony about the Cinderella image, there is some likelihood that the admission of that evidence affected the jury's verdict.
Given that conclusion, with respect to those three items of evidence, we must reverse and remand for the trial court to conduct OEC 403 balancing in a manner that comports with Mayfield , and for such other proceedings that may be required as a result of the outcome of that balancing. See State v. Baughman , 361 Or. 386, 410-11, 393 P.3d 1132 (2017) (explaining scope of remand when judgment is reversed for failure to conduct proper OEC 403 balancing); see also State v. Brown , 286 Or. App. 714, 717, 401 P.3d 301 (2017) ( "[U]nder Baughman , the appropriate remedy for the trial court's failure to balance under OEC 403 is a limited remand, rather than a new trial.").
Reversed and remanded.

Defendant argued that the action figures were more prejudicial than probative because, taken together with the other evidence, they "tended to show that defendant had a predilection for sexual deviance."

Defendant's first trial ended in a mistrial. The trial judge who handled the first trial rejected defendant's OEC 403 challenge to the evidence and the trial judge who tried the case for the second time declined to revisit that ruling.