LAGESEN, J.
*507 Defendant fatally shot his neighbor Estes after an extended period of mutual hostility. For that conduct, defendant was charged with one count of murder with a firearm, ORS 163.115 ; ORS 161.610, and one count of unlawful use of a firearm, ORS 166.220. In response, defendant claimed self-defense. At trial, over defendant's OEC 401 and OEC 403 objections, the trial court admitted evidence that defendant had fatally shot his prior neighbor, Vaughn, for the purpose of explaining what defendant meant when, before the shooting, defendant had told a number of different people that, if he did not resolve his dispute with Estes, then defendant would do to Estes what he did to Vaughn. Additionally, the trial court admitted some but not all of the evidence demonstrating Estes's violent and aggressive character as relevant to defendant's claim of self-defense. The court did so after finding that defendant had not established a sufficient foundation for the admission of the reputation and opinion evidence, and that the evidence of specific instances of conduct illustrating Estes's character were not admissible for other reasons. A jury convicted defendant on both charges.
On appeal, defendant assigns error both to the admission of the evidence that he had shot Vaughn and to the exclusion of the evidence pertaining to Estes's character. For the reasons that follow, we affirm, concluding that (1) the trial court did not err under OEC 401 or abuse its discretion under OEC 403 by admitting the evidence pertaining to defendant's shooting of Vaughn; (2) defendant did not preserve the argument that he makes on appeal regarding the trial court's exclusion of reputation and opinion evidence pertaining to Estes's character; and (3) although the trial court erred in excluding some evidence of specific instances of Estes's conduct that were probative of self-defense, any such error was harmless.
I. FACTUAL AND PROCEDURAL BACKGROUND
Although the facts surrounding the shooting underlying defendant's convictions were sharply disputed at trial, the facts pertinent to the evidentiary issues raised on appeal are not.
*508 Defendant intentionally shot and killed his neighbor Estes after a period of escalating hostility between the two, which led to the charges against defendant. Estes's partner, Hicks, corroborated that defendant intentionally killed Estes. She testified that defendant started shooting at Estes through the fence dividing the neighboring properties after Estes slipped and fell against the fence. According to Hicks, Estes tried to get away but was shot in the back. Defendant's self-defense theory, which was supported at trial primarily by evidence of statements that he had made to the police after the shooting as well as evidence of Estes's prior conduct, was *1103 that he had defended himself by shooting Estes after Estes reached through a hole in the fence and grabbed defendant while he was working to repair damage to the fence. Defendant also presented evidence that, about a month before that incident, Estes had grabbed defendant by his hair, punched defendant in the face, and kicked him in the head and the sides, causing substantial injuries to defendant and also making defendant fear for his life.
Before trial, defendant moved in limine for an order to instruct the state to "refrain absolutely from making any reference whatsoever" about defendant's involvement in a "prior altercation" with his previous neighbor Vaughn, which resulted in Vaughn's death. Defendant argued that any evidence referencing that incident would be inadmissible because (1) that evidence is too unreliable to meet the threshold for admissibility, in violation of either OEC 402 or the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) that evidence is not relevant and therefore not admissible under OEC 401 and 402 or OEC 403 ; (3) that evidence is improper character evidence and admissible under OEC 404 only if defendant puts his character at issue; and (4) the prejudicial effect of the evidence outweighed its probative value, requiring exclusion under OEC 403.
The state responded that, although the evidence that defendant shot Vaughn was not independently relevant, it was made relevant by the evidence that defendant had stated on a number of different occasions to a number of different people that Estes was at risk of meeting the same fate *509 as Vaughn. The state explained that, without knowing what happened to Vaughn, the jury would not recognize defendant's statements as threats to kill Estes. The state argued that the evidence of the threats spoke to defendant's state of mind and was therefore admissible under OEC 803(3). The state also argued that the prior act would be admissible under OEC 404(1), as relevant to the crime at issue, and admissible under OEC 404(3) to show intent, motive, and plan.
The trial court ruled that the evidence was relevant for the limited reasons articulated by the state, that is, to explain what defendant meant when he told people that what happened to Vaughn might happen to Estes and, further, that the evidence that defendant had made those threats was relevant to show defendant's state of mind and negate his claim of self-defense. The court concluded that, although the evidence was prejudicial, it was "probative enough so it would be admissible even under OEC 403(3)." The court explained that, if requested to do so, it would address the potential for prejudice from the evidence by providing a limiting instruction that would restrict the jury from relying on that evidence for any purpose other than that for which the court had deemed the evidence relevant.[1] Based on those conclusions, the court denied defendant's motion in limine to exclude all evidence relating to the Vaughn shooting.
In addition to seeking to exclude evidence that he had shot Vaughn, defendant moved in limine and at trial to introduce a range of evidence of Estes's character for violence and aggression to show, among other things, that defendant had a reasonable belief that he needed to shoot Estes to defend himself. That evidence consisted primarily of testimony from eight witnesses regarding Estes's reputation for violence and aggression and the witnesses' opinions of Estes's violent and aggressive character, as well as some evidence regarding specific instances of violent and aggressive conduct. Although the trial court admitted some of the evidence, it ruled that defendant had failed to establish an adequate foundation to allow for the admission of most of the *510 testimony addressing Estes's reputation and the witnesses' opinions of Estes's character.
As to the evidence of specific instances of conduct, the trial court excluded an audio recording of a conversation involving defendant, his neighbor Richter, and two unidentified persons, in which one person stated that she "believed" that Estes had fired a shotgun into the air, and another person stated that he or she saw Estes with a pistol. The court *1104 reasoned that, absent testimony from defendant about what he was thinking at the time of the shooting, it would be speculative to infer that the instances of Estes's conduct discussed on the tape bore on defendant's belief, or the reasonableness of that belief. The court also ruled that Richter could not testify regarding specific instances of conduct by Estes. Richter apparently would have testified that she observed that Estes possessed and used a gun.
The jury convicted defendant. On appeal, defendant assigns error to the trial court's denial of his motion in limine to exclude evidence regarding the Vaughn shooting and to the court's exclusion of the range of character evidence related to Estes. Defendant argues that the evidence related to the Vaughn shooting was not relevant; that in conducting its OEC 403 balancing, the court failed to make the record required by State v. Mayfield , 302 Or. 631, 733 P.2d 438 (1987) ; and that, if the court's record is adequate, the court abused its discretion in concluding that the probative value of the evidence outweighed the risk of unfair prejudice presented by the evidence. As to the character evidence, defendant argues that the court erred when it concluded that defendant was required to establish a foundation in the manner described in State v. Colon , 251 Or. App. 714, 284 P.3d 589 (2012), and State v. Maxwell , 172 Or. App. 142, 18 P.3d 438 (2001), to introduce evidence of Estes's reputation or opinion evidence of Estes's character under OEC 401(1) for the purpose of showing the reasonableness of defendant's belief of the need for self-defense. Specifically, defendant asserts that the foundation requirements for reputation and opinion-of-character evidence described in those cases apply only to the admission of such evidence for impeachment purposes under OEC 608, and do not apply when such evidence *511 is offered for the purpose of establishing the reasonableness of a defendant's belief of the need for self-defense.
With respect to the evidence of Estes's specific instances of conduct, defendant argues that the trial court erred in excluding evidence of the recording. Defendant also assigns error to the exclusion of testimony from Richter regarding Estes's specific instances of violent conduct, as well as to the exclusion of testimony from another witness, Renno, that Estes had tried to poke her with a pitchfork.
In response, the state argues that the Vaughn evidence was highly probative of the point for which it was admitted and, therefore, relevant. The state argues that defendant did not preserve his argument regarding the adequacy of the record under Mayfield and that the court otherwise did not abuse its discretion by admitting the evidence.
Addressing the character evidence, the state argues, among other things, that defendant did not preserve his argument that he was not required to establish a foundation for the admission of the reputation and opinion-of-character evidence and, in fact, invited any error by acknowledging that he had to establish a foundation for the evidence. The state further argues that defendant's argument fails on the merits.
Regarding the evidence of specific instances of conduct, the state argues that the trial court correctly concluded that evidence of the audio recording was not relevant and also correctly excluded the pitchfork evidence, because, in the state's view, defendant did not offer that evidence for any reason other than to establish a foundation for Renno's proposed opinion testimony about Estes's character, and because defendant failed to offer evidence that would allow a finding that defendant knew about the pitchfork incident, making it irrelevant to defendant's claim of self-defense under our case law.
The state also argues that any error in excluding any of the evidence was harmless because the trial court admitted ample evidence showing Estes's character for violence and aggression, including evidence that, a month before defendant shot Estes, Estes had violently attacked *512 defendant, causing him to suffer two black eyes and making it difficult for defendant to walk. Given that evidence of Estes's recent assault on defendant, the state reasons that the excluded evidence would have been cumulative, providing "little in addition to the properly admitted evidence," and thus the omission of the evidence was unlikely to affect the verdict. *1105 II. ANALYSIS
A. Vaughn Evidence
We begin with defendant's challenge to the trial court's denial of his motion in limine to exclude the evidence regarding the Vaughn shooting. Defendant's arguments implicate several different standards of review. We review a trial court's determination of relevance under OEC 401 for legal error. State v. Titus , 328 Or 475, 481, 982 P.2d 1133 (1999). The adequacy of a trial court's analysis under OEC 403, as implemented by Mayfield , is a question of law and we review the sufficiency of that analysis for legal error. State v. Shaw , 338 Or. 586, 614-15, 113 P.3d 898 (2005). Finally, we review for abuse of discretion a trial court's determination that, under OEC 403, the danger of unfair prejudice presented by certain evidence does not substantially outweigh its probative value. Mayfield , 302 Or. at 647, 733 P.2d 438. In so doing, we evaluate the trial court's decision on the record that was before the court at the time that it made its decision. State v. Beauvais , 357 Or. 524, 532, 354 P.3d 680 (2015).[2]
Starting with relevance, the trial court was correct to conclude that the evidence was relevant for the purpose for which it was offered. Defendant's mental state at the time of the shooting was a central issue at trial and the fact that defendant had previously made threatening statements about killing Estes was probative on that point. However, because defendant's statements articulated that threat in terms of what defendant had done to Vaughn, the fact that defendant had killed Vaughn, which otherwise *513 would not have been relevant, was relevant for the purpose of demonstrating defendant's meaning when he made statements suggesting that Estes would meet the same fate as Vaughn. If the jury had not been informed of what happened to Vaughn, it would have been unable to comprehend how defendant's statements may have been probative of his mental state.
As to whether the trial court made a sufficient record of its OEC 403 balancing,[3] a trial court makes the record required by Mayfield if the record reflects that the court employed the four-part method of analysis adopted by the Supreme Court in that case: (1) "analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence"; (2) "determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime"; (3) balance steps one and two; and (4) make a ruling on admission. Mayfield , 302 Or. at 645, 733 P.2d 438. "Essentially, to comport with Mayfield , the court's record must do two things: (1) demonstrate that the court consciously conducted the required balancing; and (2) allow for meaningful review of that balancing." State v. Ydrogo , 289 Or. App. 488, 492, 410 P.3d 1097 (2017) (emphasis in original). We evaluate whether a trial court's ruling comports with Mayfield by considering "the totality of the attendant circumstances." State v. Conrad , 280 Or. App. 325, 330-31, 381 P.3d 880 (2016).
Under that standard, we conclude that the trial court's record of its ruling satisfies the requirements of Mayfield and demonstrates that the court complied with Mayfield 's framework. In explaining its ruling, the trial court identified the limited purpose for which the evidence was relevant, and also articulated purposes for which the *514 evidence would not be relevant, explaining that it was willing to give a limiting instruction to guard against *1106 the jury's use of the evidence for an impermissible purpose. The court stated expressly that the evidence was prejudicial, but probative enough to come in under OEC 403. That discussion shows that the court consciously considered the Mayfield considerations and, in addition, permits for meaningful appellate review. In other words, it is apparent from the court's explanation of its ruling that it consciously determined that (1) the evidence was highly probative as to defendant's state of mind when considered in conjunction with the evidence of defendant's statements about doing to Estes what he had done to Vaughn; (2) the evidence was prejudicial because the jury might employ it for an impermissible purpose of inferring defendant's guilt from the fact that he previously had killed Vaughn; and (3) when those considerations were balanced, the probative value outweighed the risk of unfair prejudice. We are thus in a position to meaningfully evaluate the court's conscious exercise of discretion.
Finally, we conclude that the trial court did not abuse its discretion when it concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Under the circumstances of this case, the evidence was highly probative of defendant's mental state and, although it also carried a high risk of prejudice, the trial court's decision on the matter was well within the range of permissible discretionary choices.
B. Character Evidence
We next address defendant's arguments that the trial court erred by excluding proffered character evidence, addressing defendant's distinct arguments with respect to the different types of evidence.
1. Reputation and opinion-of-character evidence
The bulk of the evidence implicated by defendant's assignments of error consists of character evidence in the form of reputation and opinion-of-character testimony. Defendant acknowledges that the trial court excluded that evidence based on its conclusion that defendant failed to establish a proper foundation for that testimony, and argues *515 that the court erred by requiring defendant to satisfy those foundational requirements. As we understand defendant's argument, defendant contends that the trial court erroneously drew from cases involving the admissibility of character evidence under OEC 608 to conclude that defendant had not satisfied the foundational requirements for the admissibility of the evidence. Defendant contends that the trial court should not have required defendant to establish that foundation where, as here, he sought to admit the reputation and opinion-of-character evidence to prove the reasonableness of his belief of the need to use force for purposes of self-defense.
As the state points out, defendant did not argue below that the foundational requirements for reputation or opinion-of-character evidence vary depending on the purpose for which such evidence is offered, and did not argue, as he does now, that different foundational requirements apply when reputation or opinion-of-character evidence is offered for the purpose of demonstrating the reasonableness of a defendant's beliefs in connection with a claim of self-defense. For that reason, we reject as unpreserved defendant's argument that the trial court erred by excluding the evidence on the ground that it did not meet the foundational prerequisites for its admission.
2. Audio recording
Defendant next contends that the trial court erred in excluding the audiotape recording of the conversation, of which defendant was a part, in which Estes's conduct of possession and discharging a firearm were discussed. The court excluded that evidence based on its conclusion that the evidence would not be relevant unless defendant testified that the incidents reflected on the recording were on defendant's mind at the time of the shooting. On appeal, the state does not appear to defend the court's reasoning.[4] Instead, *1107 it *516 argues that the court nonetheless properly excluded the evidence as too general and speculative to support the theory for which it was offered.
We conclude that the trial court erred in determining that the evidence was not relevant. At a minimum, the evidence tended to show that defendant knew that Estes reportedly carried a pistol and was known to fire his gun indiscriminately. Because those facts tend to show that a reasonable person might believe Estes to be armed, they would be at least marginally probative on the reasonableness of defendant's choice to use a gun to respond to a perceived threat of violence by Estes.[5]
We nonetheless conclude that the error was harmless. Although relevant, the speculative nature of the evidence, and its lack of detail regarding the incidents in question, make its probative value low. Additionally, as noted, the court admitted evidence that was much more probative as to the reasonableness of defendant's belief of the need to respond to Estes with force, namely, Estes's recent and brutal assault of defendant. Under those circumstances, there is little likelihood that the exclusion of the audio recording affected the jury's verdict. State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003).
3. Other specific instances of conduct
Finally, defendant also argues that the trial court erred in excluding evidence of other specific instances of Estes's conduct offered through testimony of two witnesses: Richter and Renno. But defendant has presented no developed argument regarding Richter's testimony, and, for that reason, we reject defendant's assertion that the trial court erred by excluding that testimony. As to Renno's testimony, defendant argues that the trial court erred in excluding *517 evidence that Estes tried to poke her with a pitchfork. As mentioned, the state argues that defendant did not preserve that issue because defendant never sought to admit the evidence regarding the pitchfork incident, but, instead, offered that evidence as part of his foundational showing in support of the admission of reputation and opinion-of-character testimony from Renno. In addition, the state argues that the evidence was not relevant because defendant offered no evidence that Renno had related the pitchfork incident to defendant, or that defendant otherwise knew about it. See State v. Whitney-Biggs , 147 Or. App. 509, 527-28, 936 P.2d 1047, rev. den. , 326 Or. 43, 943 P.2d 633 (1997) (holding prior violent acts of the victim not relevant to claim of self-defense if defendant was not aware of those acts). Having reviewed the record, we agree with the state on both points and, accordingly, reject defendant's contrary arguments.
Affirmed.

The court ultimately did provide a limiting instruction, explaining the restrictions on the jury's use of the evidence related to the Vaughn shooting.

We note that some of defendant's arguments regarding the risk of prejudice presented by the evidence rely on facts developed at trial, and which were not before the court when it ruled pretrial. As defendant's assignment of error challenges the court's pretrial ruling, we consider only those facts that were before the court at that time, consistent with the Supreme Court's directive in Beauvais .

As noted earlier, the state contends that defendant did not preserve this argument. We reject that argument. As we have explained, under State v. Anderson , 282 Or. App. 24, 386 P.3d 154 (2016), by requesting that a trial court engage in the balancing required by OEC 403, a defendant "preserves for appeal a contention that the trial court erred under Mayfield either by failing to conduct the balancing required or by failing to make an adequate record of that balancing." State v. Ydrogo , 289 Or. App. 488, 491, 410 P.3d 1097 (2017). Therefore, by objecting to the admission under OEC 403, defendant's Mayfield contentions are preserved for purposes of appellate review.

As defendant notes, the trial court's reasoning is problematic because it suggests, potentially, that a defendant would be required to give up the constitutional right not to testify against himself in order to raise self-defense. We have never held that a defendant must testify to raise the issue of self-defense, and we are aware of no source of law precluding a defendant from developing a theory of self-defense through circumstantial evidence.

ORS 161.209 sets forth the elements of the defense of self-defense. Among other things, it requires that a defendant reasonably believe that the degree of force employed in a particular circumstance is necessary. The statute provides:
"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."