***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted May 9, reversed and remanded June 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER NOEL VILLARREAL,
*Defendant-Appellant.*

Washington County Circuit Court
20CR14907; A175890

Theodore E. Sims, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for two counts of first-degree rape, ORS 163.375, one count of strangulation, ORS 163.187, and one count of fourth-degree assault, ORS 163.160. He raises eight assignments of error, arguing that the trial court (1) erred in admitting the victim's statements to police about the July 10, 2019, incident; (2) erred in admitting the victim's statements to police about her July 12, 2019, conversation with defendant; (3) erred when it admitted the victim's statements to the Sexual Assault Nurse Examiner (SANE); (4) erred when it admitted evidence that defendant did not answer his door when police knocked; (5) erred when it admitted evidence that defendant did not respond to police phone messages; (6) erred in allowing the prosecutor's "vouching" statements during closing argument; (7) erred in failing to instruct the jury that conviction for fourth-degree assault requires a criminally negligent mental state with respect to the physical-injury element of that offense; and (8) erred when it required defendant to wear a mask during trial. Additionally, in a *pro se* supplemental brief, we understand defendant to argue that the trial court erred by failing to hold a preliminary hearing in order to determine if his case merited a trial.

We address only defendant's fourth, fifth, and *pro se* assignments of error, and for the reasons explained below, we reverse and remand. Because we reverse and remand as to defendant's fourth and fifth assignments of error, we need not address defendant's first through third and sixth through eighth assignments of error, "which are either unlikely to reoccur on retrial or may arise, if at all, in a different context or posture." *Brown v. Boise-Cascade Corp.*, 150 Or App 391, 420, 946 P2d 324 (1997), *rev den*, 327 Or 317 (1998).

*Assignments of Error 4 and 5.* At defendant's trial, to support an inference of defendant's "consciousness of guilt," the state offered evidence that, prior to his arrest, defendant did not answer his door when police knocked, and evidence that defendant did not respond to police phone messages. On appeal, defendant advances a combined argument that the trial court abused its discretion under OEC

403 in admitting that evidence, because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. Reviewing "the trial court's ultimate determination as to whether evidence is unfairly prejudicial under OEC 403 for abuse of discretion," *State v. Baughman*, 276 Or App 754, 766, 369 P3d 423 (2016), *aff'd*, 361 Or 386, 393 P3d 1132 (2017), we reverse and remand.

Under OEC 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" The "probative value" of evidence refers to "the strength of the relationship between the proffered evidence and the proposition sought to be proved." *State v. Davis*, 319 Or App 737, 747-48, 511 P3d 10, *rev allowed*, 370 Or 471 (2022) (brackets and internal quotation marks omitted). Evidence is unfairly prejudicial when it "has the capacity to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* at 748 (internal quotation marks omitted); *see also* OEC 403 Commentary (defining "unfair prejudice" as "an undue tendency to suggest decisions on an improper basis").

Although "determinations under OEC 403 must be made on a case-by-case basis," *Davis*, 319 Or App at 748 (internal quotation marks omitted), we find guidance in *State v. Pigg*, 87 Or App 625, 743 P2d 770 (1987), where—in circumstances similar to this case—we determined that the trial court abused its discretion in admitting evidence of the defendant's pre-arrest silence. In *Pigg*, the defendant was charged with first-degree sexual abuse. *Id.* at 627. At trial, in order to "allow the jury to infer that [the] defendant had something to hide," the state offered evidence that the defendant had not returned an investigating officer's phone call. *Id.* That evidence was admitted over the defendant's objection that its "probative value was outweighed by the danger that it would unfairly prejudice the jury, in violation of OEC 403." *Id.* Following conviction, the defendant appealed, arguing that the trial court erred in admitting the "evidence of defendant's pre-arrest silence for the purpose of demonstrating his consciousness of guilt." *Id.* As to probative value, we explained that "whether [the evidence] was probative of defendant's guilt is highly questionable,"

noting that "[t]here were many possible explanations for defendant's failure to call the officer, including, as defendant testified was the case, that he had been acting on the advice of counsel." *Id.* at 628. Observing that the "case was based largely on the credibility of defendant and the victim," we concluded that the "evidence was of little probative value," and "the probative value of the evidence is substantially outweighed by the risk that the jury relied unduly on it to speculate that defendant's failure to contact the police was due to his guilt"; therefore, we held, "the evidence should have been excluded on the basis of OEC 403." *Id.* at 629.

Here, as in *Pigg*, the state offered the challenged evidence to support an inference that defendant's silence was because of his guilt. We think that the probative value of the challenged evidence is, as in *Pigg*, "highly questionable" and "of little probative value." *Pigg*, 87 Or App at 628-29. In this case, there are also many possible explanations for defendant's failure to communicate with police, *see id.* at 628 (noting that "[t]here were many possible explanations for defendant's failure" to contact police), including the desire not to have one's own words twisted and used as inculpatory evidence, *see id.* (noting that, in using evidence of a criminal defendant's silence to show guilt, "encroachment on the right against self-incrimination is likely"), or, as defendant explained, that he had been advised by an attorney not to make contact with police.

The challenged evidence is also unfairly prejudicial: As in *Pigg*, this case turned significantly on the credibility of defendant and the victim, and the low probative value of the challenged evidence is substantially outweighed by the risk that the jury relied unduly on it to speculate that defendant's failure to make contact with police was due to his guilt.

Furthermore, because the state emphasized the challenged evidence at least four times during its closing argument to the jury, "there is some likelihood that the admission of that evidence affected the jury's verdict." *State v. Salsman*, 290 Or App 346, 350, 415 P3d 90 (2018); *see also State v. Langley*, 314 Or 511, 518, 840 P2d 691 (1992) ("The extensive reliance by the state on the [challenged evidence]

in this trial could have affected the verdict and, therefore, was not harmless. Reversal is required.").

We therefore conclude that the evidence at issue should have been excluded pursuant to OEC 403, and the trial court abused its discretion in doing otherwise; accordingly, we reverse and remand.

*Defendant's Pro Se Argument.* Because "the legal issue is likely to arise on remand," *State v. Savage*, 305 Or App 339, 341-42, 470 P3d 387 (2020), we briefly address the argument in defendant's *pro se* supplemental brief. As noted, we understand defendant to argue that the trial court erred by failing to hold a preliminary hearing in order to determine if his case merited a trial.

Preliminarily, we note that defendant does not demonstrate that he preserved that argument in the trial court, nor does he request plain error review. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); *see also State v. Hallam*, 307 Or App 796, 804, 479 P3d 545 (2020) ("[W]e ordinarily do not undertake plain-error review in the absence of an explicit request[.]" (Internal quotation marks omitted.)). But, even assuming that argument is preserved, we reject it on the merits. "Oregon law permits a person to be charged either by grand jury indictment or by a district attorney's information after a showing of probable cause in a preliminary hearing," *Kellotat v. Cupp*, 78 Or App 61, 63, 714 P2d 1074 (1986) (citing Or Const, Art VII (Amended), § 5(3) - (5)), and, "[p]roperly administered, each satisfies the fourteenth amendment [to the United States Constitution]," *State v. Clark*, 291 Or 231, 243, 630 P2d 810, *cert den*, 454 US 1084 (1981). Here, defendant was charged by grand jury indictment and does not dispute that it was properly administered. Thus, the grand jury indictment was sufficient, and defendant was not additionally entitled to a preliminary hearing. Accordingly, we reject defendant's *pro se* argument.

Reversed and remanded.