Argued and submitted April 8, affirmed October 26, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## DANIEL FREDERICK TAYLOR,
*Appellant.*

(No. 27589, CA 19383)

634 P2d 1381

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was tried before a jury and convicted of first degree theft. ORS 164.055.[1] Defendant contends the trial court erred in denying his motion for a judgment of acquittal and in admitting inadmissible hearsay. We affirm.

■ Defendant contends the evidence was insufficient to support a verdict of guilty. The test, as stated in *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560, 573 (1979), and as adopted by the court in *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980), is " * * * whether, after viewing the evidence in the light most favorable to the prosecutor, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. * * * "

■ The pertinent evidence viewed in the light most favorable to the state was that defendant had been living in a house with three other people, one of whom owned two rifles. In June, 1980, Glen Harris, an acquaintance of defendant, asked defendant if defendant could obtain firearms for him. On the night of the theft, July 5, 1980, while the other three occupants of the household were at a party, defendant was observed by three witnesses in possession of the rifles, which he had concealed in a sleeping bag. Harris testified that defendant sold one of the rifles to him for $170 and that he later pawned it. The recited circumstantial evidence was adequate to permit a rational trier of

---

[1] ORS 164.015 states in part:

"A person commits a theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

" * * * * *

"(5) Commits theft by receiving as provided in ORS 164.095."

ORS 164.055 states in part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, he commits theft as defined in ORS 164.015; and

"(d) The subject of the theft is a firearm or explosive; or

" * * * * *

"(3) Theft in the first degree is a Class C felony."

fact to find the essential elements of the crime had been proved beyond a reasonable doubt. The trial court properly denied defendant's motion for judgment of acquittal.

■        Defendant's second assignment of error asserts that the trial court erred in admitting hearsay evidence to establish that the direct testimony of a prosecution witness was not a "recent fabrication." *See State v. Clark,* 26 Or App 55, 57, 551 P2d 1313, *rev den* (1976). After a prosecution witness, Owens, testified to having seen defendant with a rifle on the date of the theft, defendant sought on cross-examination to show that the testimony had been given after plea negotiations concerning the witness' conviction for burglary in Deschutes County, and of which he would receive favorable treatment by the state. The only objection to the rehabilitation testimony made in the trial court was that it was cumulative of other testimony. The hearsay objection now raised was not raised in the trial court and will not be considered for the first time on appeal. *State v. Klamert,* 253 Or 485, 488, 455 P2d 607 (1969).

Affirmed.