Submitted May 29, 2013, affirmed June 11, petition for review denied
October 2, 2014 (356 Or 398)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JARED NICHOLAS RAY VERARDO,
*Defendant-Appellant.*

Lincoln County Circuit Court
104678; A148187

328 P3d 788

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Duncan, Judge, and Rasmussen, Judge pro tempore.

DUNCAN, J.

## DUNCAN, J.

Defendant appeals his conviction for second-degree robbery, arguing that the trial court erred when it ruled that the state could introduce evidence of his prior convictions in order to impeach him.[1] As explained below, we conclude that the court did not err; evidence of the convictions was admissible to impeach defendant as a hearsay declarant under OEC 609 (providing for impeachment by certain prior convictions) and OEC 806 (providing for impeachment of hearsay declarants).[2] Therefore, we affirm.

Defendant was charged with robbing a Walgreens pharmacy. In its case-in-chief, the state called two detectives as witnesses and questioned them about statements that defendant had made when the detectives had interviewed him about the robbery. One detective, Lane, testified that defendant had denied ever being in the pharmacy. The other detective, Meister, testified that he and Lane had interviewed defendant and

"during the interview basically in substance [we] asked him if he was involved in the robbery of Walgreens. He said that he was not. * * * [W]e asked him specifically if he's ever been in Walgreens and he said he has not. We actually asked him that twice and both times he said he's never been to Walgreens."

Defendant did not testify at trial. During his case-in-chief, defendant called Lane as a witness and questioned him about the interview:

"[DEFENSE COUNSEL]: And during the course of that interview, I think we know, did you ask [defendant] if he committed the robbery of the Walgreens?

"[LANE]: I did.

"[DEFENSE COUNSEL]: And what was his response?

---

[1] Defendant was charged with first-degree robbery (Count 1), ORS 164.415; second-degree robbery (Count 2), ORS 164.405; second-degree theft (Count 3), ORS 164.045; and unlawful possession of controlled substance (Count 4), ORS 475.840. The court dismissed Counts 3 and 4 on defendant's motion to dismiss. Counts 1 and 2 were tried to a jury, which found defendant not guilty of Count 1 and guilty of Count 2. Thus, this appeal involves only Count 2.

[2] OEC 609 and OEC 806 are set out below. 263 Or App at 455-56.

"[LANE]:  No, don't know anything about Walgreens robbery.

"[DEFENSE COUNSEL]:  Sorry?

"[LANE]:  He said, 'I don't know anything about the Walgreens robbery.'"

During its subsequent cross-examination of Lane, the state sought to admit evidence of defendant's prior convictions on the theory that, because defendant had elicited evidence of his exculpatory hearsay statements from Lane, the state could introduce evidence of defendant's prior convictions in order to impeach him pursuant to OEC 806. The state argued:

"[T]here was a question by [defense counsel] about what was said and statements offered from [defendant] in this case by [defense counsel] about when the Walgreens robbery happened, did you have anything to do with it and his response was, no I didn't have anything to do with it. So, under our evidence code we have an opportunity under [OEC] 806 to put in the prior convictions of [defendant] because statements have been offered from [defendant]."

In support of its claim, the state cited *State v. Dishman*, 148 Or App 404, 939 P2d 1172 (1997), and *State v. McCoy*, 165 Or App 499, 998 P2d 709, *rev den*, 331 Or 193 (2000), in each of which we held that, because the defendant had introduced evidence of his own exculpatory hearsay statements, the state could introduce evidence of the defendant's prior convictions to impeach him.

In response, defendant argued that evidence of his prior convictions was not admissible because the detectives' testimony about his statements had been "elicited by [the state] during the State's case in chief," and "[t]hat does not open the door[.]" Defendant contended that, once the state had questioned the detectives about the statements, he "was then free *** to inquire further." Defendant further contended that *Dishman* and *McCoy* were distinguishable because the defendants in those cases had introduced their statements in the first instance:

"[I]n both [*Dishman*] and I believe [*McCoy*,] it was the defendant who first elicited or introduce[d] his own exculpatory

statement tending to show, if the jury believed it, that he didn't do it. Here it was, in my opinion clearly the State on two occasions through [the prosecutor's] direct examination of Detective Lane and Detective Meister, it was the state who elicited or introduced to use the verb which is used in [*Dishman*] introduced that testimony. Again, I was free to inquire."

The trial court rejected defendant's argument and ruled that evidence of defendant's prior convictions was admissible. The court told defense counsel, "You're eliciting exculpatory statements without having the defendant take the stand under oath and tell the jury that he didn't do it. That's the purpose in eliciting that testimony."

Based on the court's ruling, the state questioned Lane about defendant's prior convictions, and Lane testified that defendant had previously pleaded guilty to second-degree theft, ORS 164.045, and possession of heroin, ORS 475.854. The state also submitted certified copies of the judgments convicting defendant of those crimes. At the conclusion of the trial, the jury found defendant guilty of the charged second-degree robbery. This appeal followed.

On appeal, defendant assigns error to the trial court's ruling that evidence of his prior convictions was admissible, and he renews his argument that OEC 806 did not apply because he did not introduce the evidence of his out-of-court statements in the first instance, the state did. In response, the state concedes that it elicited the statements in the first instance, but argues that "once defendant utilized his own statements, OEC 806 permitted the state to introduce evidence impeaching defendant's credibility."

We review the trial court's ruling for errors of law. *Dishman*, 148 Or App at 407 (applying standard). We begin with the relevant rules: OEC 609 and OEC 806.

OEC 609 governs the use of prior convictions to impeach witnesses. It provides, in part:

"(1) For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime:

"(a)  Was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; or

"(b)  Involved false statement or dishonesty."

Thus, as relevant here, a witness may be impeached by evidence of prior convictions for crimes punishable by more than one year in prison and crimes of dishonesty. Possession of heroin, a Class B felony, ORS 475.854, is punishable by more than one year in prison, and second-degree theft is a crime of dishonesty.

OEC 806 permits a party to impeach the declarants of certain out-of-court statements as if the declarants had testified at trial. It provides, in part:

"When a hearsay statement * * * has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness."

Thus, as we held in *Dishman*, 148 Or App at 407-08, and *McCoy*, 165 Or App at 511, if a defendant introduces his own hearsay statement as exculpatory evidence, then the state can impeach the defendant with evidence of prior convictions under OEC 806.

In *Dishman*, as in this case, the defendant was charged with robbery and did not testify at trial. But, he called a detective as a witness and elicited evidence of his own exculpatory hearsay statements. We held that the defendant's elicitation of the statements provided a basis for the admission of his prior convictions as impeachment evidence under OEC 806. We explained:

"Through his questioning of [the detective], defendant was able to introduce into evidence hearsay statements that were favorable to defendant. It is well established that the function of OEC 806 is to allow impeachment of a hearsay declarant just as if the declarant had testified as a witness."

148 Or App at 407-08 (footnote omitted).

Similarly, in *McCoy*, the defendant did not testify, but his mother testified that, when the defendant had left

her house on the morning of the charged burglary, he said he was going to collect bottles. The defendant's statement to his mother was consistent with what he told the police when he was arrested for the burglary. Relying on *Dishman,* we held that evidence of the defendant's prior convictions was admissible under OEC 806, explaining:

> "Here, as in *Dishman,* because defendant's out of court statements were introduced 'in an effort to establish that defendant did not intend to commit [a crime,] introduction of defendant's prior felony convictions was a valid method for impeaching the credibility of those statements.'"

*Id.* at 511 (quoting *Dishman,* 148 Or App at 408).

In this case, defendant argues, as he did in the trial court, that *Dishman* and *McCoy* are distinguishable because, in each of those cases, the defendant's statements were initially elicited by the defendant himself, whereas in this case the statements were initially elicited by the state. But, defendant offers no reason why that difference should be dispositive. He provides no support for his assertion that, once a party elicits an out-of-court statement, the opposing party is free to elicit the same statement—for a different purpose—without triggering OEC 806.

As set out above, OEC 806 provides that, "[w]hen a hearsay statement, or a [nonhearsay] statement defined in [OEC 801](4)(b)(C), (D), or (E) has been admitted into evidence," the credibility of the declarant can be attacked as if the declarant had testified as a witness. In this case, the state's elicitation of defendant's out-of-court statements did not trigger OEC 806, but defendant's elicitation of the statements did.

The state elicited defendant's statements as statements of a party opponent under OEC 801(4)(b)(A).[3] As such,

---

[3] OEC 801(4)(b)(A) provides that a statement is not hearsay if it is offered against a party and is "[t]hat party's own statement, in either an individual or a representative capacity[.]"

The state questioned the detectives about the statements defendant had made to them during the interview because it wanted to show that defendant had lied during the interview. In addition to telling the detectives that he had not been involved in the robbery, defendant told them that he had never been to the Walgreens, a statement that the state intended to disprove by presenting evidence that defendant's fingerprint had been found on an item at the Walgreens.

the statements were not hearsay, *id.*, and their proffer by the state did not trigger impeachment under OEC 806, which applies only to hearsay statements and a short list of other nonhearsay statements. Thus, the state could not impeach defendant under OEC 806 based on its own questioning of the detectives.

However, when defendant elicited the statements during his case-in-chief, he proffered them for the truth of the matter asserted: that he had not been involved in the robbery. Unlike the state, defendant introduced the statements as exculpatory hearsay statements. As the trial court found, defense counsel was "eliciting exculpatory statements without having the defendant take the stand and tell the jury that he didn't do it. That's the purpose in eliciting that testimony." And, as the trial court concluded, eliciting the statements for that purpose triggered OEC 806. When, as here, a defendant elicits evidence of his own hearsay statement as exculpatory evidence, the defendant puts his own credibility at issue just as if he had testified and, accordingly, the defendant is subject to impeachment under OEC 806.[4] Therefore, the trial court did not err in ruling that the state could introduce evidence of defendant's prior convictions.

Affirmed.

---

[4] As Professor Kirkpatrick has explained:

"Rule 806 creates a potential trap for a defense attorney who introduces out-of-court statements of the defendant in a case where the defendant does not take the stand. By introducing the defendant's earlier statements, the defendant becomes subject to impeachment under Rule 806 and defendant's prior criminal convictions may be received, to the extent they are admissible for impeachment under Rule 609."

Laird C. Kirkpatrick, *Oregon Evidence* § 806.03, 870 (5th ed 2007).