Argued and submitted October 10, 2017, affirmed November 14, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY DALE SMITH, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C150361CR; A160838

455 P3d 520

Defendant appeals a judgment of conviction for one count of first-degree rape, ORS 163.375, and two counts of first-degree unlawful sexual penetration, ORS 163.411. Defendant assigns error to the trial court's ruling that the state could impeach him under OEC 806 if he presented evidence that he had attempted to withdraw a guilty plea entered in another case. He argues that, because the state offered evidence that he had previously pleaded guilty to sexually abusing the same victim, OEC 106, known as the rule of completeness, compelled the court to admit statements he had made in an effort to withdraw that plea, without subjecting him to impeachment under OEC 806. *Held*: The trial court did not err. OEC 106 does not supply an independent basis for admission of otherwise inadmissible evidence. Therefore, OEC 106 did not require the trial court to admit defendant's attempts to withdraw his plea, and, when offered by defendant, those statements would constitute hearsay subject to the provisions of OEC 806.

Affirmed.

Rick Knapp, Judge.

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.

DEHOOG, P. J.

Affirmed.

## DEHOOG, P. J.

Defendant appeals a judgment of conviction for one count of rape in the first degree and two counts of unlawful sexual penetration in the first degree.[1] In his first assignment of error, defendant contends that the trial court erred when it ruled that the state could impeach him under OEC 806 if he presented evidence that he had attempted to withdraw a guilty plea that he had previously entered in another case. Defendant argues that when the state offered evidence that he had pleaded guilty in another county to sexually abusing the same victim, the "rule of completeness," OEC 106, compelled the court to admit statements he had made in an effort to withdraw that plea, without subjecting him to impeachment under OEC 806 (permitting impeachment of hearsay declarant as though the declarant had testified).[2] The state responds that OEC 106 did not apply to defendant's statements at all; the state further argues that, to the extent that the rule of completeness did require the court to admit those statements, that would not alter their character as hearsay, subjecting defendant to impeachment under OEC 806. We conclude that, contrary to defendant's contention, OEC 106 did not require the trial court to admit evidence of defendant's attempts to withdraw his plea or render the state the proponent of that evidence; thus, if offered by defendant, those statements would constitute hearsay, and defendant, as the declarant, would be subject to the impeachment provisions of OEC 806. We therefore affirm.[3]

The relevant facts are procedural and undisputed. Defendant was indicted in both Washington and Clackamas counties for sexually abusing the same child. He entered

---

[1] Defendant was charged with first-degree rape (Count 1), ORS 163.375; first-degree sodomy (Count 2), ORS 163.405; and two counts of first-degree unlawful sexual penetration (Counts 3 and 4), ORS 163.411. The court dismissed Count 2 on the state's motion to dismiss. Counts 1, 3, and 4 were tried to a jury, which found defendant guilty.

[2] OEC 106 and OEC 806 are set out below. 300 Or App at 487 n 5, 488 n 6.

[3] In five additional assignments of error, defendant contends that the trial court erred in prohibiting him from questioning the victim about an allegedly false accusation of physical abuse she had made against her mother's boyfriend, in instructing the jury that its verdict need not be unanimous, and in imposing a judgment of conviction based on a nonunanimous verdict. We reject those assignments of error without further discussion.

into a global settlement agreement in which he agreed to plead guilty to one or more charges in each county. As agreed, defendant pleaded guilty to first-degree sodomy in Clackamas County, and the court scheduled his sentencing on that charge for a later date. Before that date arrived, however, defendant sought to withdraw his plea. First, defendant wrote a letter to the sentencing court in which he proclaimed his innocence and expressed his desire to withdraw his plea. Then, at the time of his sentencing in Clackamas County, defendant formally moved to withdraw his plea and again professed his innocence. The court denied defendant's motion, proceeded to sentence him on the sodomy charge based upon his guilty plea, and entered a judgment of conviction.

Upon returning to Washington County, defendant opted not to enter a guilty plea as previously contemplated and instead proceeded to trial. Before trial, defendant moved, citing OEC 401 (relevance) and OEC 403 (exclusion of unfairly prejudicial evidence), to exclude evidence of his alleged conduct in Clackamas County, as well as evidence that he had pleaded guilty to sodomy and been convicted of that offense. The trial court denied defendant's motion, ruling that both defendant's conduct and his related admissions were relevant and not unfairly prejudicial.[4] Defendant next argued that if the jury were to hear evidence of his guilty plea and conviction, the rule of completeness under OEC 106 would require the court to allow the jury to also hear that he had tried to withdraw that plea.[5] The state responded that if defendant were to present evidence of his attempt to withdraw his plea, it would constitute hearsay and the state would be permitted under OEC 806 to impeach him

---

[4] The trial court did exclude the defendant's plea petition, based on its determination that the numerous redactions that would be necessary to render it admissible would themselves be prejudicial to defendant.

[5] OEC 106 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at that time be inquired into by the other; when a letter is read, the answer may at that time be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may at that time also be given in evidence."

as though he had testified.[6] Specifically, the state sought a ruling allowing it to impeach defendant with a prior, unrelated third-degree rape conviction if the court admitted evidence of his attempt to withdraw his plea. Following a lengthy discussion of defendant's guilty plea and sentencing in Clackamas County, the trial court ruled as follows:

> "So this is my ruling up to this point now.

> "The state can get into the plea petition, *** basically the statement that he admitted to Sodomy in the First Degree.

> "But if the state gets into the conviction—I know we're splitting hairs here, but significant hairs. If the state gets into the conviction, then everything—in terms of if you want to use [defense counsel's] expression, for the rule of completeness, we're talking about a conviction that's entered on a particular date, and that whole conversation that surrounds the conviction—the sentencing, comes in.

> "So the state is going to make a decision how far it wants—if you just want to talk about the plea petition, that's fine. If [defendant] want[s] to come back later on and talk about the withdraw[al] of the plea petition, then, of course, you know you opened the door. And if you choose not to, then you don't open the door.

> "But if the state goes into the *** conviction in its case-in-chief *** it's all coming in.

> "*****

> "So if the state goes into the conviction, all the statements that come—that surround it come in, and it does not set [defendant] up for [impeachment under OEC 806].

> "If the state does not go into the conviction and—but you want to get into the withdrawal of the plea, then the conviction comes in and so does [OEC] 806. So it's kind of a decision that [defendant gets] to make if you want to go

---

[6] OEC 806 provides, in part, that "[w]hen a hearsay statement *** has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness." *See, e.g.*, *State v. Verado*, 263 Or App 452, 328 P3d 788, *rev den*, 356 Or 398 (2014) (determining that a defendant who elicited evidence of his own exculpatory hearsay statements put his credibility at issue just as though he had testified, subjecting him to impeachment under OEC 806).

down that road. And if he wants to go down that road, and also understands that everything comes in."

On appeal, defendant understands the trial court to have ruled that his attempt to withdraw his plea would be admissible under OEC 106 if the state presented evidence of his guilty plea, but that the state would be permitted to impeach him under OEC 806 if he were the one who offered the evidence of that attempt. Based on that interpretation of the court's ruling, defendant argues that the first part of the trial court's ruling was correct, but that the latter part of its ruling was erroneous. That is, defendant argues that, once the state introduced evidence that he had pleaded guilty in Clackamas County, OEC 106 would require *the state* to complete the picture by also presenting the evidence that he had attempted to withdraw that plea, which, as the proponent of that evidence, the state could not impeach under OEC 806.

The state rejects defendant's characterization of the trial court's ruling. According to the state, the trial court's ruling reflected the court's conclusion that defendant's attempt to withdraw his plea and related proclamations of innocence were not part of the same "act, declaration, conversation, or writing" as the guilty plea itself, and so did not trigger OEC 106. In the state's view, the trial court's ruling was that OEC 106 applied only to evidence of defendant's conviction, which the state did not offer at trial, and not to defendant's admission to sodomy in his guilty plea.[7] The state further argues that, had the trial court ruled that OEC 106 permitted defendant to complete the picture of the circumstances surrounding his guilty plea by offering evidence that he had attempted to withdraw it, defendant would remain the proponent of that evidence and, because it was hearsay, defendant would be subject to impeachment under OEC 806.

The precise contours of the trial court's ruling under OEC 106 are not entirely clear. On the one hand, before issuing the ruling set out above, the trial court had repeatedly

[7] The state notes that it does not necessarily agree with the trial court's ruling that, if the prosecution introduced evidence that defendant had been convicted of first-degree sodomy, he would be entitled to introduce evidence of his attempt to withdraw his plea without subjecting himself to impeachment under OEC 806. However, the state has not cross-assigned error or otherwise developed a challenge to that ruling.

noted—without limitation—that OEC 106 seemed to encompass defendant's efforts to withdraw his plea, stating that "it wouldn't be fair to the jury to hear some of it and not all of it." Such statements could suggest an understanding that, if the state offered evidence of defendant's guilty plea, the court would be required to admit evidence of defendant's attempt to withdraw the plea. On the other hand, because the trial court's ultimate ruling focused on defendant's Clackamas County *conviction*, its ruling could be viewed as distinguishing between the evidence of his conviction and the evidence of his plea, with only the conviction evidence triggering OEC 106.

Ultimately, however, we need not resolve the parties' dispute as to the trial court's precise ruling. The premise of defendant's argument on appeal is that, *because the evidence of his efforts to withdraw his plea was admissible under OEC 106*, the trial court was required to admit that evidence without subjecting him to impeachment under OEC 806. As a result, we need only determine whether, indeed, OEC 106 rendered that evidence admissible. We conclude that it did not and that the trial court, therefore, did not err. That is, the rule of completeness does not provide an independent basis of admissibility for the out-of-court statements defendant made in his efforts to withdraw his plea. Thus, as we explain below, the trial court was not required to admit those statements under that rule even if they otherwise met the requirements of OEC 106. And, as defendant acknowledges, when separately offered on his behalf, those out-of-court statements are hearsay and subject him to impeachment under OEC 806, as the court ruled.

We review the trial court's ruling for errors of law. *State v. Tooley*, 265 Or App 30, 47, 333 P3d 438, *rev den*, 356 Or 575 (2014) (applying that standard to a denial of a request to admit evidence under OEC 106); *State v. Verado*, 263 Or App 452, 455, 328 P3d 788, *rev den*, 356 Or 398 (2014) (applying same standard to ruling under OEC 806).

As noted, OEC 106 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at that time be

inquired into by the other; when a letter is read, the answer may at that time be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is *necessary to make it understood* may at that time also be given in evidence."

(Emphasis added.) The purpose of OEC 106 is to prevent the jury from hearing evidence out of context. *State v. Batty*, 109 Or App 62, 70, 819 P2d 732 (1991), *rev den*, 312 Or 588 (1992). The trial court, therefore, was required to evaluate defendant's request that it admit evidence under OEC 106 with that purpose in mind. That, in turn, required the court to consider whether, without defendant's proffered evidence, the jury would likely be confused or otherwise unable to fully understand the state's evidence that he had entered a guilty plea. And, in making that assessment,

> "[t]he key language in [OEC 106] is the phrase 'necessary to make it understood.' In many cases it will not be 'necessary' for the supplementary evidence to be offered contemporaneously for the jury to understand the original evidence. If there is a significant danger that the jury will be misled by hearing evidence of a writing, act, declaration, or conversation taken out of context the rule authorizes the supplementary evidence to be admitted contemporaneously."

Laird C. Kirkpatrick, *Oregon Evidence* § 106.04, 69-70 (6th ed 2013).

The state suggests that, by ruling that defendant's guilty plea did not trigger OEC 106, the trial court expressed its view that the statements defendant made in an effort to withdraw his plea were not necessary for the jury to fully understand his admission of guilt. To be sure, in ruling on defendant's motion, the court addressed evidence of both defendant's plea petition and his conviction, but it referred to the "rule of completeness" only in connection with defendant's conviction. As a result, it is quite possible that the trial court thought that defendant's admission of guilt spoke for itself, while, for reasons the court did not articulate, defendant's conviction did not.

However, even assuming, as defendant does, that the trial court viewed the statements he had made in an effort

to withdraw his plea as necessary context for the guilty plea itself, that conclusion would not require their admission under the rule of completeness. Stated differently, even if defendant's proffered evidence satisfied the purpose of OEC 106, that rule would not render the evidence admissible. The rule of completeness is not an independent basis of admissibility. *See Batty*, 109 Or App at 70. Although it "authorizes supplementary evidence about an act, declaration, conversation, or writing to be presented contemporaneously with the initial evidence," that rule also expressly requires that the supplementary evidence "be 'otherwise admissible.'" *Id.* (internal citation omitted). That is, "[t]here must be an independent basis for admission apart from OEC 106." *Id.*; *see also Tooley*, 265 Or App at 47 ("OEC 106 does not apply to allow admission of supplementary evidence that is otherwise inadmissible."). The legislative commentary to OEC 106 emphasizes that point:

> "The text of [the statute] is amended (1) to allow contemporaneous as well as later introduction of the remainder of a writing or event, (2) but only, in either event, if the remaining evidence is otherwise admissible. See *Black v. Nelson*, 246 Or 161, 164-165, 424 P2d 251 (1967) (remainder excluded as irrelevant), and *Myers v. Cessna Aircraft Corp., et al.*, 275 Or 501, 553 P2d 355 (1976) (remainder excluded as hearsay)."[8]

Legislative Commentary to OEC 106, *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 106.02, 67 (6th ed 2013); *see also State v. Middleton*, 295 Or 485, 490-91, 668 P2d 371 (1983) (where defendant offered a portion of a witness's plea agreement, prosecution was not permitted to introduce another, otherwise inadmissible portion of the agreement into evidence).

Defendant describes the material he wanted to have admitted under OEC 106 as "his attempt to withdraw his plea," as well as statements that "he did not commit

---

[8] Although the legislative commentary is not an official part of the Evidence Code, it provides guidance in interpreting the rules of evidence. *State v. McClure*, 298 Or 336, 344, 692 P2d 579 (1984); *see also State ex rel OHSU v. Haas*, 325 Or 492, 506 n 10, 942 P2d 261 (1997) ("[W]e conclude that the Legislative Commentary on the Oregon Evidence Code should be considered as part of that Code's legislative history.").

the crime." Notably, defendant does not contend that those statements were not offered for the truth of the matters they asserted or that they otherwise do not meet the definition of hearsay.[9] Moreover, defendant does not dispute the general proposition, confirmed by our decisions in cases like *Batty* and *Tooley*, that OEC 106 does not provide an independent basis of admissibility for otherwise inadmissible evidence. Rather, he argues that, by operation of OEC 106 itself, his statements are rendered "not hearsay," and so are not "otherwise inadmissible" for purposes of that rule. Specifically, he argues that, because his out-of-court statements must, under the rule of completeness, be both admitted and attributed to the state, whose evidence they clarify, those statements, together with his guilty plea and accompanying admission of guilt, collectively constitute the "statement of a party opponent" and so are deemed "not hearsay." OEC 801(4)(b).[10]

The difficulty we have with defendant's argument is that he fails to grapple with its inherent circularity. In essence, defendant's argument is that, although OEC 106 requires the admission of evidence only if it is "otherwise admissible," that same rule renders his proffered evidence "admissible" by requiring its admission. And, even if defendant's argument did not suffer that logical flaw, defendant points to nothing in the text, context, or legislative history of OEC 106 to support his contention that the rule of completeness requires evidence admitted under that rule to be attributed to the state rather than defendant.[11] Thus, we reject defendant's argument that OEC 106 somehow

---

[9] Defendant does not, for example, seek to differentiate between statements directly asserting a fact, such as his proclamations of innocence, and statements that, at best, obliquely make such an assertion, such as his request to withdraw his plea.

[10] OEC 801(4)(b)(A) ("A statement it not hearsay if * * * [t]he statement is offered against a party and is * * * [t]hat party's own statement, in either an individual or representative capacity[.]").

[11] Additionally, the commentary to OEC 106 suggests that the rule is primarily a *timing* mechanism, allowing a party to admit supplemental evidence contemporaneously ("at that time") with the evidence it seeks to clarify, but not rendering the other party the proponent of the supplemental evidence:

"Rule 106 has two distinct aspects. The first governs situations where an opponent seeks to bring out additional evidence through cross-examination of a witness. If part of an act, declaration, conversation, or writing is discussed

provides its own basis of rendering inadmissible evidence "otherwise admissible." *See Tooley*, 265 Or App at 47-48 (determining that OEC 106 does not supply an independent basis for admission of the defendant's own hearsay statements made during a police interview following the state's admission of other portions of the same interview). As a result, OEC 106 neither required the admission of defendant's proffered statements nor altered their character as hearsay and, consequently, the trial court did not err in concluding that the admission of any such statements would have subjected defendant to impeachment under OEC 806.

Finally, defendant also argues, for the first time on appeal, that the trial court's ruling violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant did not raise that argument at trial. Thus, as we did under the same circumstances in *Tooley*, 265 Or App at 48, we decline to address that argument on appeal. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *.").

Affirmed.

---

in the witness' direct testimony, the rule allows cross-examination upon the whole of the same subject. * * *

"The second aspect of Rule 106 applies when *the opponent* attempts to offer *supplementary* evidence by means other than cross-examination. The rule provides: 'when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may at that time also be given in evidence.' This section of the rule significantly alters the normal order of proof by *allowing one party to offer evidence during the presentation of the other party's case*."

Kirkpatrick, *Oregon Evidence* § 106.04 at 69 (emphases added).