No. 390 April 30, 2025 257

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRET ALAN HAGENNO,
*Defendant-Appellant.*

Josephine County Circuit Court
20CR36170; A178720

Brandon S. Thueson, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for second-degree murder with a firearm, unlawful use of a weapon with a firearm, and felon in possession of a firearm. In seven assignments of error, defendant challenges the exclusion of text messages that he offered to impeach the testimony of a witness and the exclusion of unredacted versions of recorded jail phone calls between him and his girlfriend, and also argues that the trial court plainly erred in allowing closing and rebuttal arguments by the prosecutor that he now asserts are improper. We conclude that the trial court did not err in excluding the proffered evidence and did not plainly err in allowing the challenged arguments and, therefore, we affirm.

Because the parties are familiar with the facts of this case, we state only those facts necessary to explain our disposition. In brief, evidence presented at trial showed that defendant shot the victim, TR, on the side of a rural road and in the presence of Wilde. Defendant then pointed a gun at Wilde and told him to drive defendant away from the murder scene. Defendant stipulated that he was previously convicted of a felony and admitted owning several guns that police found during a warranted search of his truck.

*First Assignment of Error.* In his first assignment of error, defendant contends that the trial court erred in excluding two text messages between Wilde and his wife, which defendant offered to impeach Wilde's trial testimony. The state objected that the text messages contained hearsay and would require the jury to speculate about their subject matter. The trial court sustained the objection and excluded the text messages because it was "not very clear *** what is going on" in the two text messages without additional context.

On appeal, defendant renews his argument that the text messages were relevant to impeach Wilde. The state responds—and defendant does not dispute—that OEC 613(2)[1] controls because defendant offered the text messages

---

[1] OEC 613(2) provides:

"Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the

as a prior inconsistent statement. The state argues, among other things, that the trial court did not abuse its discretion in determining that there was not a "material variance" between Wilde's text message to his wife and his testimony at trial. *State v. Shearer*, 101 Or App 543, 547, 792 P2d 1215, *rev den*, 310 Or 205 (1990) ("[T]he trial judge is given a 'fair range of discretion' in deciding whether a prior statement is inconsistent with testimony given at trial." (Quoting *Rigelman v. Gilligan*, 265 Or 109, 121, 506 P2d 710 (1973).)).

We conclude that the trial court did not abuse its discretion in excluding the text messages on that basis because, while it is possible that Wilde's text message contradicted his testimony at trial that he did not consider concealing TR's van until two days after the murder, it is also possible that Wilde was not referring to TR at all but to someone else, including defendant. And as the state points out, defendant did not offer the text messages during Wilde's testimony, so Wilde was never "afforded an opportunity to explain or deny" defendant's proffered interpretation of the text message. OEC 613(2). Under those circumstances, the trial court did not abuse its discretion in excluding the text messages for lack of clarity. Put another way, the trial court acted within its discretion in determining that there was no "material variance" between Wilde's text message exchange and his trial testimony given their ambiguity and the lack of an opportunity for Wilde to clarify them. *Shearer*, 101 Or App at 546-47. We therefore reject defendant's first assignment of error.

*Second and Third Assignments of Error.* Defendant next contends that the trial court erred in excluding unredacted versions of two recorded jail phone calls from December 22, 2020, and February 17, 2021, between defendant and his girlfriend, Zoray. The state offered redacted versions of each phone call and argued that defendant's statements were admissions, while Zoray's statements were offered only to contextualize defendant's statements under OEC 106,[2] commonly known as the rule of completeness.

---

witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in ORS 40.450."

[2] OEC 106 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise

Defendant contended that OEC 106 required admission of the full recordings. The trial court admitted only the redacted jail calls, ruling that "the state is not required to play the entirety of the recorded phone calls to put the statements in context or better explain them."

On appeal, defendant renews his contention that OEC 106 required the court to admit the full recordings of both calls because, in his view, the complete conversations were "necessary to make [the state's proffered redacted admissions by defendant] understood." Defendant contends that, by offering only certain statements he made to Zoray in the phone calls, the state misled the jury by giving a false impression that defendant was "implicitly admitting to killing TR," because the complete conversations show that defendant was admitting only that he had placed Zoray in a "dire financial situation" by "being too financially generous with [] untrustworthy people" before defendant's arrest.

The state disagrees that its redactions were misleading and argues that we should reject defendant's assignment of error because OEC 106 authorizes admission of evidence only if it is "otherwise admissible," defendant offered the entirety of both phone calls, and both contain inadmissible hearsay. *See State v. Tiner*, 340 Or 551, 557, 135 P3d 305 (2006), *cert den*, 549 US 1169 (2007) ("This court long has held that, when a single offer of proof contains admissible and inadmissible evidence, the trial court does not err if it rejects the entire offer.").

We agree with the state that each of the full recorded phone calls contains hearsay and therefore is not "otherwise admissible" for purposes of OEC 106. Because defendant was the proponent of his additional statements in both calls, those statements are not admissions of a party-opponent under OEC 801(4)(b). *See State v. Smith*, 300 Or App 485, 493-94 & n 11, 455 P3d 520 (2019), *rev'd on other grounds*, 366 Or 551 (2020) (rejecting the defendant's argument that supplemental evidence admitted under OEC 106

admissible, may at that time be inquired into by the other; when a letter is read, the answer may at that time be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may at that time also be given in evidence."

must be attributed to the state, because he "points to nothing in the text, context, or legislative history of OEC 106" to support that contention and the commentary suggests that the rule is primarily a timing mechanism). Although defendant argues that he did not offer his additional statements for their truth but only to contextualize his statements proffered by the state, we have rejected that theory of admissibility under OEC 106 as circular. *Id.* (rejecting the defendant's argument that OEC 106 rendered his proffered evidence "admissible" by requiring its admission to contextualize the state's evidence as "inherent[ly] circular[]"); *State v. Tooley*, 265 Or App 30, 47, 333 P3d 348, *rev den*, 356 Or 575 (2014) ("OEC 106 does not apply to allow admission of supplementary evidence that is otherwise inadmissible.").

In any event, we also agree with the trial court that the full conversations were not "necessary to make [the state's proffered redacted admissions by defendant] understood." Although defendant characterizes the state's redacted admissions as misleading, Zoray's statements in the redacted calls sufficiently contextualize what defendant is apologizing and admitting responsibility for: in the December call, Zoray's "situation" in which she lacked a car and money and had lost "everything"; and in the February call, not taking Zoray's advice to "let that shit go with everyone" and "them fucking you over and hurting you or whatever." Although the jury could reasonably infer that defendant was implicitly admitting to killing TR, it could also reasonably infer that he was admitting only to more generally causing Zoray's dire financial situation and holding grudges against "everyone." We therefore reject defendant's second and third assignments of error.

*Fourth through Seventh Assignments of Error.* In his final assignments of error, defendant contends that the trial court plainly erred in allowing the prosecutor to present certain closing and rebuttal arguments that he now asserts were improper. We have reviewed the entirety of the closing argument, and we are not persuaded that, when viewed in context, the cited comments were obviously improper. We therefore conclude that it would not have been an abuse of discretion for the trial court to have denied a motion for

mistrial based on the prosecutor's arguments if one had been requested. Accordingly, we reject defendant's fourth through seventh assignments of error because they do not amount to plain error. *See State v. Chitwood*, 370 Or 305, 312-13, 518 P3d 903 (2022) (setting forth the requirements for plain-error review of asserted improper argument by a prosecutor).

Affirmed.