No. 639 July 16, 2025 7

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL WESLEY SANDBERG,
*Defendant-Appellant.*

Marion County Circuit Court
19CR59298; A181649

Jennifer K. Gardiner, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. Carl Wesley Sandberg filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for three counts of first-degree arson, ORS 164.325 (Counts 1, 13, and 15); three counts of first-degree burglary, ORS 164.225 (Counts 2, 11, and 22); two counts of second-degree burglary, ORS 164.215 (Counts 14 and 16); and one count each of first-degree theft, ORS 164.055 (Count 17); aggravated first-degree animal abuse, ORS 167.322 (Count 18); and felon in possession of a firearm (FIP), ORS 166.270 (Count 19).[1] The convictions arose out of a series of arsons and burglaries committed over several weeks. On appeal, defendant raises three assignments of error through counsel and two *pro se* assignments of error. For the reasons that follow, we affirm.

Because the parties are familiar with the factual and procedural background, we recite in our analysis only those facts necessary to explain our decision. Defendant's first assignment of error challenges the trial court's admission of an out-of-court statement made by defendant's girlfriend to the police. At trial, the prosecutor showed defendant's girlfriend a still photo, taken from surveillance video, of a white Saturn Vue arriving at Weathers Street, the location of two of the charged crimes. The prosecutor questioned her:

"[PROSECUTOR]:   So do you see this car right here?

"[WITNESS]:   Yeah. I've never seen that picture.

"[PROSECUTOR]:   Okay. This is your car though, right?

"[WITNESS]:   I have no clue.

"[PROSECUTOR]:   Okay. You told—at the time, you told Detective Chase that you had gone to pick up [defendant] at Weathers?

"[WITNESS]:   I don't even know where that's at. * * * It doesn't even look like my car."

---

[1] Defendant was indicted on 22 charges. The court dismissed Counts 8 and 20 on the state's motion and severed Counts 3-7, 9, 10, and 21 for separate trial. The court entered a single conviction for first-degree burglary on Count 11 after it merged the guilty verdict on that count with a guilty verdict for second-degree burglary on Count 12.

Next, Detective Abel testified that, prior to defendant's arrest, defendant's girlfriend had come down to the police station and identified the car in the photo "as her Saturn Vue, herself as the driver, and the passenger that she picked up as her boyfriend, [defendant]." Although defendant objected to that testimony, the court determined that it was admissible "to impeach [the witness's] earlier testimony."

On appeal, defendant argues that the trial court erroneously admitted the statements as prior inconsistent statements for impeachment purposes under OEC 613(2).[2] The state responds that defendant failed to preserve his claim of error, and that, in any event, the trial court properly admitted the statements. Assuming without deciding that defendant's claim of error is adequately preserved, we conclude that the trial court did not err in admitting the statements as impeachment by a prior inconsistent statement.

To qualify as a prior inconsistent statement admissible for nonhearsay impeachment purposes, there must be a "material variance" between the prior statement and the testimony of the witness at trial. *State v. Shearer*, 101 Or App 543, 546, 792 P2d 1215, *rev den*, 310 Or 205 (1990). The determination of whether a variance is "material" is within the discretion of the trial court. *Id.* at 547. However, we have explained that "a previous statement about the underlying events is not inconsistent with a failure to remember those events at trial." *State v. Staley*, 165 Or App 395, 404, 995 P2d 1217 (2000). Therefore, where a witness testifies at trial *only* as to her lack of memory, it is not appropriate impeachment by inconsistent statement to offer a statement that the witness allegedly made when her memory was fresh. *Id.* at 400.

In contrast to *Staley*, where the witness testified at trial merely that she could not remember anything, here defendant's girlfriend did not testify only as to her lack of memory. She denied knowing where Weathers Street was and stated that the car in the photo did not look like her car. Her previous statements to the police when viewing

_____

[2] Defendant also argues that the trial court erroneously admitted the statements for their effect on the listener. We do not address that argument because we affirm the trial court on another ground.

the same surveillance footage, placing her car, herself, and defendant at Weathers Street, contradicted her trial testimony. We conclude that the trial court did not abuse its discretion in determining that there was a material variance between her statements to the police and her subsequent trial testimony and, accordingly, in admitting her prior inconsistent statements for impeachment purposes.[3]

Defendant's second and third assignments of error challenge the trial court's denial of defendant's motions for judgment of acquittal (MJOAs) on Count 17, first-degree theft of a firearm, and Count 19, FIP. On review of the denial of an MJOA, we view the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). In establishing an element, "the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence." *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004).

To prove first-degree theft of the firearm and FIP, the state had to prove that defendant had actual or constructive possession of the firearm. "Constructive possession means exercising control over property or having the right to do so." *State v. Ferguson*, 276 Or App 267, 271, 367 P3d 551 (2016). Defendant argues that the state's evidence was insufficient to prove that he ever had possession of the firearm.

Here, the state presented evidence that a firearm was in a property on Morgan Street on the morning of the burglary and arson. There was a fire at the property that

_____

[3] To the extent that the trial court may have incorrectly determined that the witness's trial testimony was *solely* that she lacked any memory of the events, that reasoning would not support the admission of the earlier statements. There would not be an inconsistency between the testimony and the prior statements under our case law. *Staley*, 165 Or at 401. However, we agree with the state that, even if that were the case, we would still affirm because the trial court reached the correct result even assuming it had the wrong rationale. *See State v. Nielsen*, 316 Or 611, 629, 853 P2d 256 (1993) (stating that "[w]here a trial judge makes a correct ruling admitting evidence but articulates an erroneous reason for it, there is no need to reverse").

afternoon, and when the resident was able to re-enter the property, he noticed that the firearm was missing. Video from a neighbor's house showed a man who resembled defendant biking towards the Morgan Street property wearing one black backpack. Another video showed that same man biking away from the property with an additional piece of luggage and a yellow-handled tool sticking out of the backpack. The Morgan Street resident identified one of the bags in the second video as belonging to his son. When executing a search warrant on defendant's girlfriend's apartment, where defendant was residing at the time, police found a bike resembling the bike in the video and a yellow-handled axe, which had been taken from the Morgan Street property. The firearm was never found.

Defendant contends that, based on the evidence presented, the state's theory that defendant must have taken the firearm was too speculative. We disagree. Although a person's mere presence at a residence where a firearm is located is insufficient to establish constructive possession, *State v. Casey*, 346 Or 54, 63-64, 203 P3d 202 (2009), the state's evidence in this case went beyond mere presence. The evidence not only placed defendant at the crime scene, but also placed other items stolen from the property on his person or at his place of residence. Although the firearm was never found, the evidence was sufficient to give rise to a reasonable inference that defendant had also taken the firearm. *See Bivins*, 191 Or App at 467 ("[T]he established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide."). We therefore conclude that the trial court did not err in denying defendant's MJOAs on Counts 17 and 19.

We turn next to defendant's *pro se* assignments of error. In defendant's first *pro se* assignment, he argues that the trial court erred by not severing certain charges for separate trials. In order to prevail on a motion to sever, "a defendant must identify a 'case-specific' circumstance that impairs his or her right to a fair trial in such a way that a danger of substantial prejudice cannot be mitigated in other ways." *State v. Dewhitt*, 276 Or App 373, 387, 368 P3d 27, *rev den*, 359 Or 667 (2016). Defendant has failed to do so here.

Therefore, the trial court did not err in denying his motion to sever. In defendant's second *pro se* assignment of error, he argues that the trial court erred in denying his MJOAs on the remaining charges. He develops no legal argument in support of his claim, and relies solely on the argument articulated in his counseled brief that does not address any of the counts contested by defendant. We therefore do not address his claim of error. *See Johnson v. Mullen*, 331 Or App 112, 118, 545 P3d 1261, *rev den*, 372 Or 361 (2024) (declining to address an argument that was not sufficiently developed in appellant's brief).

Affirmed.